WEBBER v YEO

Docket No. 80499. Submitted October 8, 1985, at Lansing.—Decided December 2, 1985. Leave to appeal applied for.

Timothy D. Webber, Sr., special administrator of the estate of Timothy D. Webber, Jr., brought in Saginaw Circuit Court a wrongful death action against Barbara Yeo, Jean Luoma and Curt Crimmins, swimming class instructors, Ann Princing, swimming pool attendant, Jack Cleveland and Richard Brown, school administrators, and the Saginaw Township Community School District, seeking damages arising out of the death of Timothy D. Webber, Jr., resulting from a swimming pool accident which occurred while the decedent was attending a learn-to-swim class which was part of the Community Education Program operated by defendant school district. Plaintiff alleged that the swimming pool instructors, including the pool attendant, negligently failed to give the deceased mouth-to-mouth resuscitation before removing him from the pool and failed to place him on a spine board while he was still in the water. Plaintiff further claimed that the instructors failed to properly administer mouth-to-mouth and cardiopulmonary resuscitation after the deceased was out of the water and failed to properly instruct and supervise the swimming class. Plaintiff alleged that the school administrators failed to properly supervise the children in the class and failed to warn the parents of the children of the condition of the pool, the lack of a lifeguard on duty during the class and the lack of constant supervision of the students during the class. The individual defendants moved for summary or accelerated judgment on the basis of govern-

REFERENCES

Am Jur 2d, Municipal, School, Instate Tort Liability §§ 11-23, 46, 85-102.

Personal liability of public school executive or administrative officer in negligence action for personal injury or death of student. 35 ALR4th 272.

Personal liability of public school teacher in negligence action for personal injury or death of student. 34 ALR4th 228.

Validity and construction of statute authorizing or requiring governmental unit to indemnify public officer or employee for liability rising out of performance of public duties. 71 ALR3d 90.

mental immunity. The trial court, Joseph R. McDonald, J., granted that motion, concluding that the individual defendants were shielded as to their individual liability by governmental immunity because their actions were discretionary in nature rather than ministerial. *Held:*

1. Individual government employees are immune from tort liability when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary-decisional, as opposed to ministerial-operational, acts. Since there is no question that the individual defendants were acting during the course of their employment, acting within the scope of their authority and acting in good faith, the only question at issue is whether their activities were discretionary-decisional or ministerial-operational in nature.

2. The decision to remove the deceased from the water before commencing resuscitation attempts or using the spine board was a discretionary-decisional act for which the instructors are cloaked with immunity. As to that claim the granting of summary judgment in defendants' favor was proper.

3. The claims against the instructors asserting improper instruction and supervision are claims involving ministerial-operational activities for which there is no immunity from tort liability. Accordingly, it was error to grant defendants' motion for summary judgment as to those claims.

4. The claims against the school administrators concerning the failure to supervise the children and warn the parents involve ministerial-operational activities. Accordingly, it was error to grant summary judgment in favor of the administrators.

Affirmed in part; reversed in part.

1. Governmental Immunity — Governmental Employees.

Public employees are immune from tort liability when they are 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, 2) acting in good faith, and 3) performing discretionary, as opposed to ministerial, acts.

2. Words and Phrases — Ministerial — Discretionary — Governmental Immunity.

The distinction between a "discretionary" act and a "ministerial" act is that the former involves significant decision-making while the latter involves the execution of a decision and might entail some minor decision-making.

3. GOVERNMENTAL IMMUNITY — SCHOOLS — SWIMMING INSTRUCTORS.

The decision of public school swimming instructors to remove an injured individual from the pool before attempting resuscitation is a discretionary act for which they are individually cloaked with governmental immunity; however, the failure to thereafter properly administer mouth-to-mouth and cardiopulmonary resuscitation is a ministerial act for which they are not cloaked with immunity.

4. GOVERNMENTAL IMMUNITY — SCHOOLS — INSTRUCTION AND SUPERVISION OF STUDENTS.

The instruction and supervision of students are essentially ministerial-operational activities for which there is no immunity from tort liability for government employees who provide such instruction and supervision.

5. GOVERNMENTAL IMMUNITY — SCHOOLS — SCHOOL ADMINISTRATORS.

The failure of school administrators to supervise children in a swimming class or to warn parents of the conditions under which a swimming class is conducted are ministerial-operational activities for which there is no immunity from tort liability.

*van Benschoten, Hurlburt & Tsiros, P.C.* (by *Harvey E. van Benschoten),* for plaintiff.

*William E. Jungerheld,* for defendants.

Amicus Curiae:

*Foster, Swift, Collins & Coey, P.C.* (by *Philip T. Savich),* for Michigan Education Association.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

CYNAR, J. In this wrongful death action, plaintiff appeals as of right from an August 29, 1984, order granting the individual defendants' motion for accelerated or summary judgment.

On July 11, 1978, plaintiff's decedent, Timothy,

* Recorder's court judge, sitting on the Court of Appeals by assignment.

was a member of the Saginaw Township Community School District beginners' swimming class at the Chippewa Middle School. Timothy dove off the edge of a swimming pool and did not resurface. Efforts to resuscitate and revive him failed. On July 16, 1978, all life support systems were discontinued.

The defendants involved in this appeal are as follows: Barbara Yeo, Jean Luoma and Curt Crimmins were the swimming class instructors; Ann Princing was the pool attendant; and Jack Cleveland and Richard Brown were school administrators. For purposes of this opinion, we will divide the appealing defendants into two separate groups: the swimming class instructors (including the pool attendant) and the school administrators. At the time the incident complained of occurred all the defendants were employed by the defendant Saginaw Township Community School District. The central issue raised on appeal is whether the alleged acts or omissions of the defendant class instructors and defendant school administrators are discretionary or ministerial. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). The trial court concluded that each of the individual defendants were shielded by governmental immunity because their actions were discretionary in nature rather than ministerial. The trial court granted the individual defendants' motion for summary judgment or accelerated judgment.

The individual defendants' pleadings and the trial court opinion and order fail to identify the grounds upon which defendants' motion was granted. We treat the lower court's order as one for summary judgment granted under GCR 1963, 117.2(1) [now MCR 2.116(C)(8)], for failure to state a claim upon which relief may be granted.

Viewing the pleadings alone, and accepting as true every well-pled allegation and all conclusions that can reasonably be drawn from the factual allegations, *Crowther v Ross Chemical & Manufacturing Co*, 42 Mich App 426, 429-430; 202 NW2d 577 (1972), we find that defendant class instructors were only entitled to partial summary judgment under *Ross, supra*. We also find that defendant school administrators were not entitled to summary judgment under *Ross, supra*.

In *Ross, supra*, the Supreme Court held that individual government employees, like defendants herein, are immune from tort liability only when they are:

"a) acting during the course of their employment and are acting, or reasonably believe they are acting, within the scope of their authority;

"b) acting in good faith; and

"c) performing discretionary-decisional, as opposed to ministerial-operational, acts." *Ross, supra*, p 592.

In the present case no dispute exists between the parties with respect to the first two prongs of the above-cited rule. Hence, we must determine whether defendant class instructors and defendant school administrators were performing discretionary acts at the time the accident complained of occurred.

The *Ross* Court offered the following definitions of "discretionary" acts:

" 'Discretionary' acts have been defined as those which require personal deliberation, decision and judgment. This definition encompasses more than quasi-judicial or policy-making authority, which typically is granted only to members of administrative tribunals, prosecutors, and higher level executives. However, it does not encompass every trivial decision, such as 'the

driving of a nail,' which may be involved in performing an activity. For clarity, we would add the word 'decisional' so the operative term would be 'discretionary-decisional' acts." (Citation omitted; footnotes omitted.) 420 Mich 634.

The *Ross* Court offered the following definitions of "ministerial" acts:

" 'Ministerial' acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. We believe that this definition is not sufficiently broad. An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act, which must be performed in a nontortious manner. In a nutshell, the distinction between 'discretionary' and 'ministerial' acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making. Here too, for clarity, we would add the word 'operational' so the operative term would be 'ministerial-operational' acts." (Citation omitted.) 420 Mich 634-635.

The specific acts complained of, rather than the general nature of the activity, must be examined in this case. *Ross, supra,* pp 634-635. The trial court apparently did not perform this type of examination in determining that the individual defendants were entitled to immunity.

Plaintiff's amended complaint alleges that defendant class instructors negligently failed to give Timothy mouth-to-mouth resuscitation *before* removing the boy from the water, and failed to place him on a spine board while in the water. Apparently, Timothy and his classmates had been diving in the deep end of the pool. We believe that defendant class instructors exercised personal

judgment in determining that resuscitation efforts would be more effective by first removing Timothy from the water, rather than attempting resuscitation of the boy in the deep end of the pool. We conclude that the manner in which Timothy was rescued constitutes a discretionary act for which defendant class instructors were cloaked with immunity. *Ross, supra,* pp 633-634.

Plaintiff's amended complaint further alleges that defendant class instructors failed to properly administer mouth-to-mouth resuscitation and cardiopulmonary resuscitation procedures after removing Timothy from the water. The *Ross* Court concluded that "the actual execution of [a discretionary] decision * * * is a ministerial act". *Ross, supra,* p 635. Applying this principle to the actual resuscitative efforts employed by defendant class instructors, we conclude that these acts are ministerial. The class instructors were therefore not cloaked with immunity for these ministerial acts.

Plaintiff makes several allegations against defendant class instructors which involve their failure to properly instruct and supervise the beginners' swimming class. Plaintiff specifically alleges that the class instructors breached their duty of care by failing to: 1) properly observe each child enrolled in the swimming class, 2) position themselves around the swimming pool, 3) immediately provide assistance and first aid in the event of an accident, and 4) refrain from activities which would distract their attention from their supervisory responsibilities.

In one of the cases decided in the *Ross* opinion, *Regulski v Murphy,* 420 Mich 648-651, the Supreme Court considered whether individual government employees who engage in negligent acts of instruction and supervision in the classroom are entitled to governmental immunity. The plaintiff

in that case was enrolled in a high school building trades class in which students were required to build a house. That plaintiff was injured when he attempted to hammer a nail into a piece of wood. That plaintiff alleged that all of the defendants were negligent in failing to properly instruct, warn, and supervise him. In response to the defendants' claim of governmental immunity, the Supreme Court stated: "Although some decision-making is involved in [instructional and supervisory] activities, it is relatively minor." 420 Mich 651. The Court held that "instruction and supervision are essentially ministerial-operational activities for which there is no immunity from tort liability." *Id.* See also the Court's consideration of another of the cases decided with *Ross, Willis v Nienow,* 420 Mich 638-641.

Because instruction and supervision in the classroom setting are defined as ministerial-operational activities in *Ross, supra,* defendant class instructors were not cloaked with immunity for these acts.

With respect to defendant school administrators, plaintiff has alleged a failure to supervise the children enrolled in the class, and a failure to warn the children's parents: 1) of the condition of the pool premises, 2) that there was no lifeguard on duty during the class, and 3) that there was lack of constant supervision of the students in the swimming class. Under *Ross, supra,* these acts or omissions constitute ministerial-operational activities on the part of the defendant school administrators. The trial court therefore erred in granting the defendant school administrators summary judgment on the basis that they were individually immune from tort liability.

Based on the above analysis we conclude that the trial court properly granted summary judg-

ment with respect to the discretionary acts of defendant class instructors. The trial court, however, improperly granted summary judgment as to the ministerial acts of defendant class instructors and defendant school administrators.

Affirmed in part and reversed in part.