MONTGOMERY v CITY OF DETROIT

Docket No. 112739. Submitted August 16, 1989, at Detroit. Decided November 21, 1989.

Fourteen-year-old Bobbie Robnett collapsed at 1:50 P.M., on September 18, 1984, while running on the track during his physical education class at Henry Ford High School. He was incoherent, incontinent, breathing hard, shaking uncontrollably, and sweating profusely. James Walls, the gym teacher, informed Jeannette Montgomery, Robnett's mother, of the situation within fifteen minutes and obtained her permission to call the Emergency Medical Service. After unsuccessfully attempting to call EMS, Walls called the school office and asked Mrs. Burke to call EMS. Mrs. Burke, at 2:11 P.M., contacted EMS and talked to Joanne Keller, an EMS operator. Keller immediately routed the call to the EMS vehicle dispatchers. The only two EMS vehicles available were already busy on other calls, and it was 2:41 P.M. before one could be dispatched to Henry Ford High School. Jeannette Montgomery had arrived at the high school shortly after Mrs. Burke had contacted the EMS. She was offered alternate transportation for Robnett, but declined it, choosing to wait for the EMS. The EMS unit arrived at 2:49 P.M. and transported Robnett to the hospital, where, at 4:41 P.M., he died of a previously unknown preexisting heart condition. A medical opinion indicated that Robnett would have had a chance to survive had he been brought to the emergency room within thirty minutes of the onset of the symptoms. Jeannette Montgomery, individually and as personal representative of the estate of Bobbie Robnett, deceased, filed a wrongful death action against the City of Detroit, Joanne Keller, the Detroit Board of Education, Elijah Porter, James Walls, and others in Wayne Circuit Court alleging negligence, gross negligence, and violation of Robnett's civil rights under 42 USC 1983. The court, Marianne Battani, J., granted summary disposition in

REFERENCES

Am Jur 2d, Civil Rights §§ 16 et seq.; Municipal, County, School, and State Tort Liability §§ 111, 113, 526, 639.

See the Index to Annotations under Color of Right, Title, and Office; Emergencies; Governmental Immunity or Privilege; Schools and Education.

favor of defendants. Plaintiff's motion for rehearing or reconsideration was denied. Plaintiff appealed.

The Court of Appeals *held:*

1. The court properly granted summary disposition in favor of Elijah Porter, the school principal. Porter's actions in promulgating the rules in the safety handbook for medical emergencies and in the hiring, training, instructing, supervision, and monitoring of school personnel were discretionary actions for which he is entitled to governmental immunity from liability.

2. James Walls' alleged negligence was his failure to learn how to make an emergency call. Walls was not required by the safety handbook to learn how to make an emergency call. Any decision regarding such an undertaking was discretionary, for which Walls is entitled to immunity from liability.

3. There is no factual support for plaintiff's claim that Joanne Keller was negligent by "improperly misplacing and/or ignoring" the emergency call made on behalf of Robnett. Summary disposition was properly granted in favor of Keller.

4. The trial court properly granted summary disposition in favor of Porter, Walls, and Keller as to the claims of gross negligence against them.

5. There is no factual support for plaintiff's 42 USC 1983 claims against Porter and Walls. Summary disposition was properly granted in favor of Porter and Walls on this issue.

Affirmed.

1. GOVERNMENTAL IMMUNITY — LOWER LEVEL EMPLOYEES.

Individual lower level governmental employees, officials, and agents are immune from liability when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts.

2. GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — MINISTERIAL ACTS.

A discretionary act is one which requires personal deliberation, decision, and judgment and involves significant decision-making on whether to engage in a particular activity and how best to carry it out; a ministerial act might entail minor decision-making, but essentially involves the execution of a decision where the individual has little or no choice; in determining whether acts are discretionary or ministerial, it is the specific acts complained of, rather than the general nature of the activity, to which one must look.

3. GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — MINISTERIAL ACTS.

The ultimate goal in determining whether acts are discretionary or ministerial is to afford the officer, employee, or agent enough freedom to decide the best method of carrying out his duties, while ensuring the goal is realized in a conscientious manner.

4. GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — SETTING OF POLICY — SCHOOLS.

Decisions regarding the setting of policy, or failure to do so, including decisions regarding the establishment of safety procedures are discretionary decisions, as are decisions on hiring, training, instructing, supervision, and monitoring of personnel in a school setting.

5. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A motion for summary disposition brought under MCR 2.116(C)(10) tests the factual support of a claim; where there is no factual support for the claim, summary disposition is properly granted.

6. GOVERNMENTAL IMMUNITY — LOWER LEVEL EMPLOYEES — GROSS NEGLIGENCE.

The gross negligence exclusion to governmental immunity for lower level governmental employees does not apply to causes of action which arose before July 1, 1986 (MCL 691.1407; MSA 3.996[107]).

7. CIVIL RIGHTS — ACTIONS.

A plaintiff, in order to establish a right to relief under 42 USC 1983, must plead and prove (1) that he has been deprived of a right secured by the Constitution and laws of the United States and (2) that the defendants deprived him of this right while acting under color of law; furthermore, to plead sufficiently a cause of action under 42 USC 1983, the plaintiff must state highly specific facts in support of his claim; mere conclusory allegations are not sufficient.

8. CIVIL RIGHTS — DEPRIVATION OF MEDICAL TREATMENT.

A plaintiff, in order to state a claim for deprivation of medical treatment under 42 USC 1983, must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs; to have acted with deliberate indifference, the defendants must have either intentionally denied or unreasonably delayed treatment of a discomfort-causing ailment or wilfully failed to provide prescribed treatment without medical justification.

*Levenson, Disner, Ruby & Fruitman, P.C.* (by *Marshall C. Disner*), for plaintiff.

*Brenda M. Miller,* Assistant Corporation Counsel, for City of Detroit and Joanne Keller.

*Patterson, Phifer & Phillips, P.C.* (by *Nancy M. Rade*), for Detroit Board of Education, Arthur Jefferson, and Elijah Porter.

*Plunkett & Cooney, P.C.* (by *Henry J. Maher* and *Christine D. Oldani*), for James Walls.

Before: MacKENZIE, P.J., and MARILYN KELLY and T. M. BURNS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an October 17, 1988, circuit court order denying her motion for rehearing or reconsideration and several previous orders granting summary disposition in favor of various defendants. We affirm.

At approximately 1:50 P.M. on September 18, 1984, fourteen-year-old Bobbie Robnett collapsed while running on the track during his physical education class at Henry Ford High School. James Walls, the gym teacher who attended to Robnett, could not see the boy's pupils. Robnett was incoherent, incontinent, breathing hard, shaking uncontrollably, and sweating profusely. After a few minutes, Walls and several students carried Robnett into the gym. At 2:05 P.M., Walls informed plaintiff, Robnett's mother, of the situation by telephone and obtained her permission to call the Emergency Medical Service (EMS). Walls attempted unsuccessfully to call EMS. A new phone system had recently been installed at the school. He then called the school office and asked Mrs. Burke to

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

call EMS. Mrs. Burke reached Joanne Keller, an EMS operator, at 2:11 P.M., and Keller immediately routed the call to the EMS vehicle dispatchers. An EMS unit was not dispatched until 2:41 P.M., because the only two EMS vehicles which had been available were dispatched at 2:07 and 2:11 P.M. Plaintiff had arrived at the school shortly after the call to EMS was made. At one point she was offered alternate transportation for Robnett, but declined it to wait for EMS. Walls' incident report indicates that a second call was made to EMS. The EMS unit arrived at approximately 2:49 P.M. Robnett was taken to the hospital where he died at 4:41 P.M. of a previously unknown, preexisting heart condition. A medical opinion indicated that if Robnett had been brought to the emergency room within thirty minutes of the onset of symptoms, he would have had a "fighting chance" to survive.

On September 30, 1986, plaintiff filed the instant wrongful death action, and on September 11, 1987, she filed a first-amended complaint alleging negligence, gross negligence, and violation of Robnett's civil rights under 42 USC 1983. Defendant Telecom Technicians, Inc. was subsequently dismissed from the case by stipulation. The remaining defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8) and (10). In a hearing on June 24, 1988, the lower court granted their motions and orders to that effect were subsequently entered. On October 17, 1988, the court denied plaintiff's motion for rehearing or reconsideration.

First, plaintiff claims that the lower court erred in granting defendants Elijah Porter, the school principal, and Walls summary disposition on the ground that their actions were discretionary and thus were entitled to immunity granted by law. MCR 2.116(C)(7). When reviewing a motion brought under MCR 2.116(C)(7), a court must con-

sider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. MCR 2.116(G)(5); *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 536; 421 NW2d 230 (1988).

Individual lower level governmental employees, officials and agents are immune from liability when they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 633-634; 363 NW2d 641 (1984); *Giddings v Detroit,* 178 Mich App 749, 756; 444 NW2d 242 (1989). The only element which was disputed below was whether the activities were discretionary or ministerial.

A discretionary act is one which requires personal deliberation, decision, and judgment. *Ross, supra,* p 634. It involves significant decision-making on whether to engage in a particular activity, and how best to carry it out. A ministerial act might entail minor decision-making, but essentially involves the execution of a decision where the individual has little or no choice. *Ross, supra,* pp 634-635; *Giddings, supra.* In determining whether acts are discretionary or ministerial, we must look to the specific acts complained of, rather than to the general nature of the activity. *Canon v Thumudo,* 430 Mich 326, 334; 422 NW2d 688 (1988); *Green v Comstock,* 177 Mich App 626, 630; 442 NW2d 745 (1989). The ultimate goal is to afford the officer, employee or agent enough freedom to decide the best method of carrying out his or her duties, while ensuring the goal is realized in a conscientious manner. *Ross, supra,* p 635; *Canon, supra.*

In the present case, the specific acts by Porter of which plaintiff complains are his failure to provide emergency procedures and his failure to train his teachers to make emergency calls. However, the lower court correctly concluded that the promulgation of the rules in the safety handbook for medical emergencies was a discretionary act. Decisions regarding the setting of policy, or the failure to do so, including decisions regarding the establishment of safety procedures, have been found to be discretionary. *Ross, supra,* p 651; *Giddings, supra.* Further, in school situations, the hiring, training, instructing, supervision, and monitoring of personnel have been found to be types of decisions that are discretionary. *Giddings, supra,* citing *Ross, supra,* p 640; *Eichhorn, supra,* p 541; *Willoughby v Lehrbass,* 150 Mich App 319, 348; 388 NW2d 688 (1986). Therefore, the court properly granted summary disposition to defendant Porter on this claim, pursuant to MCR 2.116(C)(7).

The specific act of Walls which plaintiff alleges was negligent is his failure to learn how to make an emergency call. Plaintiff argues that the calling of EMS was mandated by the school safety plan, and thus was a ministerial function involving the execution of a decision. See *Ross, supra,* p 635.

The Handbook of Safety Regulations for Detroit Public Schools provided:

3. MEDICAL TREATMENT

\* \* \*

c.

(1) Children who become acutely ill or are injured during school hours should be taken, *under normal conditions,* to the nearest designated hospital.

\* \* \*

4. TRANSPORTATION

a. In an emergency case, where the injury is

critical or where pain is intense, the patient should be taken at once to the hospital which has been designated for the particular school.

(1) He may be transported, either in E.M.S. (Emergency Medical Service) ambulance, which may be secured by calling 911 (see page 4), or in any other convenient conveyance which may be offered.

Clearly, Walls' determination of the seriousness of Robnett's condition and his decision to call EMS were discretionary functions. See *Canon, supra; Webber v Yeo,* 147 Mich App 453, 459; 383 NW2d 230 (1985), lv den 425 Mich 865 (1986). Further, nowhere in the safety handbook is it mandated that an instructor must learn how to make an emergency call. In fact, the safety handbook did not, as plaintiff argues, mandate that Walls call EMS but, offered alternate choices in transporting Robnett to the hospital. Walls did choose to call EMS, and when he was unable to complete the call, had Mrs. Burke make the call. Regardless, the safety rules did not require Walls to learn how to make an emergency call. Any decision regarding such an undertaking was discretionary, not ministerial. The court properly granted summary disposition to Walls pursuant to MCR 2.116(C)(7).

Second, plaintiff claims that the lower court erred in granting summary disposition to defendant Joanne Keller, the EMS operator, on the ground that she was not negligent in answering and dispatching the 911 call. A motion for summary disposition brought under MCR 2.116(C)(10) tests the factual support of a claim. *Grochowalski v DAIIE,* 171 Mich App 771, 773; 430 NW2d 822 (1988). The trial court must consider affidavits, pleadings, depositions, admissions, and documentary evidence. *Id.;* MCR 2.116(G)(5). The court

must give the benefit of every reasonable doubt to the opposing party, and all inferences are to be drawn in favor of that party. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987), lv den 430 Mich 887 (1988). The motion is properly granted only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported by evidence at trial because of some deficiency that cannot be overcome. *Grochowalski, supra,* p 774; *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988), lv den 430 Mich 885 (1988).

Plaintiff alleged in her first-amended complaint that Keller was negligent by "improperly misplacing and/or ignoring" the 911 call made on behalf of Robnett. However, the facts indicate that Keller did not ignore the call, but immediately routed it. Plaintiff also alleges that the following taped phone conversation between Keller and Mrs. Burke exhibited negligence:

> At the tone the time will be 2:11 and thirty seconds, 2:11 and forty.
> *Keller:* Emergency Center.
> *Burke:* A yes this is Henry Ford High School. We have had a student who is having or has had an epileptic seizure passed out.
> *Keller:* Where are you located?
> *Burke:* Henry, oh, 20000 Evergreen.
> *Keller:* Where in the building is the student?
> *Burke:* He's in the boys gym.
> *Keller:* Is he still out?
> *Burke:* Yes.
> *Keller:* He wants to go all right.
> What is the phone number calling from?
> *Burke:* 533 4300.
> *Keller:* How old is he?
> *Burke:* 17 I think.
> *Keller:* Okay. Alright.
> 2:12 and 30 seconds.

Plaintiff argues that Keller's response of "Okay. Alright." negligently gave the school false assurances that an ambulance would be sent right away, in contravention of EMS rules. We disagree. Keller's statement was not made in direct response to a question or request regarding when an ambulance would arrive, but at the end of several administrative type questions involving the location, phone number and age of Robnett. These circumstances provide no factual support for plaintiff's negligence claim against Keller, and thus summary disposition was properly granted pursuant to MCR 2.116(C)(10).

Third, plaintiff claims the lower court erred in finding that Porter, Walls and Keller were not grossly negligent. As to Porter and Walls, we have previously determined that they are shielded from tort liability because of governmental immunity. Although the Legislature has amended MCL 691.1407; MSA 3.996(107), effective July 1, 1986, essentially instituting a "gross negligence exclusion" to immunity for lower level employees, it is not applicable to causes of action which arose before that date. Contrary to the conclusion in *Bischoff v Calhoun Co Prosecutor,* 173 Mich App 802, 805-806; 434 NW2d 249 (1988), which stated that the amendment applied to cases "filed on or after July 1, 1986," 1986 PA 175, § 3 states as follows:

> (1) Sections 1, 7, and 13 of Act No. 170 of the Public Acts of 1964, as amended by this amendatory act, being sections 691.1401, 691.1407, and 691.1413 of the Michigan Compiled Laws, *shall not apply to causes of action which arise before July 1, 1986.* [Emphasis added.]
> (2) Section 6a of Act No. 170 of the Public Acts

of 1964, as added by this amendatory act, shall apply to cases filed on or after July 1, 1986.

The language used in subsection (1) clearly provides that the amended MCL 691.1407; MSA 3.996(107) does not apply to causes of action arising prior to July 1, 1986. Though the initial complaint in this case was filed on September 30, 1986, the cause of action arose well before July 1, 1986. Therefore, the new statute is inapplicable to this case, and the court properly granted summary disposition in favor of Porter and Walls on the ground that the claims were barred by governmental immunity. MCL 2.116(C)(7).

As to the gross negligence claim against Keller, we have previously found that there was no factual support for plaintiff's claim of negligence, and we likewise find that there is no factual support for a claim of gross negligence. Therefore, the trial court properly granted summary disposition to Keller pursuant to MCR 2.116(C)(10).

Last, plaintiff claims that the lower court erred in finding that the actions of Porter and Walls did not violate the civil rights of Robnett under 42 USC 1983. Plaintiff's complaint alleges that Robnett was deprived of his constitutional right to life pursuant to US Const, Ams V and XIV, by Porter's and Walls' failure to transport Robnett to the hospital. Further, plaintiff argues specifically that Robnett's substantive due process right to "prompt medical attention" was violated.

To establish a right to relief under 42 USC 1983, a plaintiff must plead and prove: (1) that he or she has been deprived of a right secured by the Constitution and laws of the United States; and (2) that the defendants deprived him or her of this right while acting under color of law. *Ritter v Wayne Co General Hospital,* 174 Mich App 490, 497; 436

NW2d 673 (1988). In order to state a claim for deprivation of medical treatment under § 1983, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Tobias v Phelps,* 144 Mich App 272, 277-278; 375 NW2d 365 (1985), lv den 424 Mich 859 (1985). To have acted with deliberate indifference, the defendants must have either intentionally denied or unreasonably delayed treatment of a discomfort-causing ailment or willfully failed to provide prescribed treatment without medical justification. *Id.* Allegations of negligence or medical malpractice are insufficient. *Id.* Further, in order to sufficiently plead a cause of action under § 1983, plaintiff must state highly specific facts in support of her claim; mere conclusory allegations are not sufficient. *Harris v Detroit,* 160 Mich App 223, 229; 408 NW2d 82 (1987).

Count III of plaintiff's first-amended complaint alleges as follows:

> 5. That the Defendants, Elijah Porter and/or James Walls, failed to exercise the appropriate ministerial function of transporting the deceased, Bobbie Robnett to the appropriate hospital.
>
> 6. That E.M.S. was called but did not arrive for some thirty-eight (38) minutes. Prior to that time it should have become apparent to the Defendants, Elijah Porter and/or James Walls, that immediate alternate transportation was necessary.

Porter was not present at the school on the date of the incident, and there is no factual support for the claim that he deprived Robnett of medical treatment or transportation to the hospital. As to Walls, the facts indicate, and plaintiff so states in the complaint, that EMS was called. Further, plaintiff arrived at the school shortly after the call to EMS was made, and she later refused alternate

transportation to the hospital. Walls' incident report indicates that he gave Robnett first-aid and that a second call to EMS was made. Plaintiff has not alleged any specific facts in her complaint and has submitted no evidence in opposition to the motions for summary disposition, see MCR 2.116(G)(4) and *Grochowalski, supra,* p 774, which would support a finding of deliberate indifference to Robnett's medical needs on the part of Walls. We agree with the lower court that there is no factual support for plaintiff's § 1983 claims and find that summary disposition was proper pursuant to MCR 2.116(C)(10).

Affirmed.