McMANAMON v REDFORD CHARTER TOWNSHIP

Docket No. 235816. Submitted November 12, 2002, at Detroit. Decided May 27, 2003, at 9:00 A.M. Leave to appeal sought.

Daniel P. McManamon brought an action in the Wayne Circuit Court against Redford Charter Township, his former employer, and others, alleging violation of the Employee Right to Know Act (ERKA), MCL 423.501 *et seq.*, as a result of the township's disclosure of certain employment information regarding the plaintiff to a third party. Following the denial of the defendants' motion for summary disposition and the dismissal of the action with regard to defendants other than the township, the township filed a second motion for summary disposition, alleging that under § 11 of ERKA, MCL 423.511, an employee must first obtain an order compelling compliance with the act and suffer a violation of that order before the employee may recover damages for a violation of the act. The court, Kaye Tertzag, J., agreed with the township, granted the motion, and dismissed the action. The plaintiff appealed.

The Court of Appeals *held*:

Section 11 contemplates that upon an employer's violation of the act, an employee may commence an action entitled "action to compel compliance." The appropriate circuit court has jurisdiction to enter an order to compel compliance. Failure to comply with the order may be punished as contempt. In addition to entering an order compelling compliance, the court shall award an employee prevailing in an action to compel compliance damages for a violation of the act. The court erred in dismissing the action. The plaintiff is obligated to commence an action to compel compliance and, in such an action, may seek compliance and damages for a violation of the act. The act does not require a violation of a preexisting order before a court may order an award of damages in an action to compel compliance.

Reversed and remanded.

O'CONNELL, P.J., dissenting, stated that the action was properly dismissed because the plaintiff did not commence an action to compel compliance with the act. The plaintiff's action merely alleged violation of the act and sought injunctive relief, the latter of

which is not contemplated by the act. The plaintiff did not properly plead a cause of action.

MASTER AND SERVANT — EMPLOYEE RIGHT TO KNOW ACT — ACTIONS — DAMAGES.

Section 11 of the Employee Right to Know Act provides that an employee may commence an action entitled "action to compel compliance" and that the appropriate circuit court has jurisdiction to enter an order to compel compliance; failure to comply with the order may be punished as contempt; an employee prevailing in an action to compel compliance may be awarded damages for a violation of the act; the act does not condition a recovery of damages for violation of the act on the employer's first violating an order compelling compliance (MCL 423.511).

*Gary T. Miotke* for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Joseph Nimako*), for the defendant.

Before: O'CONNELL, P.J., and WHITE and B. B. MACKENZIE*, JJ.

WHITE, J. Plaintiff appeals as of right the circuit court's dismissal of his claim under the Employee Right to Know Act (ERKA), MCL 423.501 *et seq.* We reverse and remand for further proceedings.

The question is whether in an action to compel compliance under § 11 of ERKA, MCL 423.511, an employee must first obtain an order compelling compliance and suffer a violation of that order before the employee can recover damages for a violation of the act. Defendant so argues, and the circuit court agreed. We conclude that the act does not condition a recovery of damages for violation of the act on the employer's first violating an order of compliance, and therefore reverse and remand for further proceedings.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

I

Plaintiff is a former employee of defendant Charter Township of Redford (defendant). Former defendant Kevin Kelley was, at all times pertinent, the township supervisor.[1] Plaintiff began employment with defendant township in 1980, and worked in the parks and recreation department for about seventeen years. In 1996, plaintiff accepted the position of manager of an indoor ice arena. In late June 1997, former defendant Kelley suspended plaintiff and later terminated his employment. Around the same time, plaintiff and two other township employees were charged with misdemeanor embezzlement. Following a jury trial in district court, plaintiff was acquitted in September 1997. In June and September 1997, Kelley provided information regarding plaintiff's employment to the Redford Observer.

On June 29, 1999, plaintiff filed the instant suit in the Wayne Circuit Court, alleging violation of ERKA for failure to provide the requisite notice upon disclosing employment information to a third party, false light publicity by the individual (former) defendants, disclosure of embarrassing facts by defendant township and (former) defendant Kelley, and defamation by the individual (former) defendants.[2]

Before discovery was complete, defendants filed their first motion for summary disposition under MCR 2.116(C)(7), (8), and (10). The hearing was adjourned

---

[1] Former defendant Miles R. Handy, II, was a member of defendant township's board of trustees.

[2] Plaintiff previously had brought an action in federal district court, alleging state and federal claims. The court dismissed the state claims without prejudice.

several times, apparently to allow plaintiff to conduct uncompleted discovery. Plaintiff deposed the individual defendants and then responded to defendants' motion and also sought partial summary disposition of the ERKA claim, under MCR 2.116(I)(2). The circuit court dismissed all plaintiff's claims except the ERKA claim. The circuit court issued no opinion, but noted on the praecipe/order that defendants' motion was granted with regard to all claims except the ERKA claim, and on a separate praecipe/order that plaintiff's motion was denied without prejudice and "adopt defendant's brief and oral argument as the basis of my decision."

The individual defendants brought or renewed motions to dismiss in October 2000, and the circuit court dismissed defendant Kelley, in his individual capacity only, and defendant Handy.

At issue in this appeal is defendant's second motion for summary disposition, brought solely under MCR 2.116(C)(8).[3] Defendant's second motion for summary disposition argued that ERKA's plain language requires a plaintiff to file an action to compel compliance with the act before he can be entitled to damages, costs, or reasonable attorney fees. Defendant argued that to meet the act's prerequisites, plaintiff had to file an action to compel compliance, and prevail in such an action by obtaining an order to compel compliance. Defendant argued that because plaintiff had done

---

[3] Although this appeal is of a ruling under MCR 2.116(C)(8), the ruling was not made early on in the case. Rather, it was on defendant's second summary-disposition motion, brought after discovery closed, witness lists were exchanged, plaintiff's other claims were dismissed, the case was mediated, and a final pretrial order was filed.

neither, plaintiff had failed to state a claim and defendant was entitled to summary disposition.

Plaintiff's response to defendant's motion argued that his complaint was one to compel compliance in that it sought more than damages, i.e., equitable relief, costs, interest, and attorney fees, and that plaintiff "wants this Court to grant him an injunction barring future violations of the ERKA." Plaintiff argued that given the clear language of § 11, an employee can be awarded damages for a violation of ERKA.

Defendant's reply brief asserted that an action for equitable relief is not an action to compel compliance under the act, plaintiff could not prevail in an action for injunctive relief because the alleged harm had already occurred, and plaintiff "clearly has adequate remedy of law which is evidenced by his request for damages."

Following an extensive hearing, the court took the matter under advisement. Several weeks later the court granted defendant's motion. No opinion was issued; the court handwrote on the praecipe/order "adopt defendants [sic] brief and oral argument as the basis for my decision."

Plaintiff filed a motion for rehearing or reconsideration, arguing that the circuit court "erred by adopting the Defendants' briefs and oral argument as the basis for its decision." Plaintiff alleged:

> (a) This Court should have granted Plaintiff leave to amend his Complaint pursuant to MCR 2.116(I)(5) in order to retitle it "Amended Complaint and Action to Compel Compliance" if the Court had adopted the portion of the Defendants' argument that Plaintiff's pleading had to be titled an "action to compel compliance."

(b) This Court has misframed [sic] the statutory interpretation as being a case where there is a right given under MCL 423.506 but no remedy given under MCL 423.511 when in actuality the real issue is when are damages or any other remedy available as remedies under MCL 423.511.

(c) By adopting the Defendants' reasoning, this Court has failed to consider and to articulate when an employee can bring an action and can recover damages under MCL 423.511 because the Defendants never articulated when an employee can bring an action and can recover damages under MCL 423.511.

The circuit court denied plaintiff's motion for reconsideration, writing on the praecipe/order "No palpable error." This appeal ensued.

II

ERKA was enacted in 1978 and took effect on January 1, 1979. Section 6 of the act provides in pertinent part:

(1) An employer or former employer shall not divulge a disciplinary report, letter of reprimand, or other disciplinary action to a third party, to a party who is not a part of the employer's organization, or to a party who is not a part of a labor organization representing the employee, without written notice as provided in this section.

(2) The written notice to the employee shall be by first-class mail to the employee's last known address, and shall be mailed on or before the day the information is divulged from the personnel record.

(3) This section shall not apply if any of the following occur:

(a) The employee has specifically waived written notice as part of a written, signed employment application with another employer.

(b) The disclosure is ordered in a legal action or arbitration to a party in that legal action or arbitration.

(c) Information is requested by a government agency as a result of a claim or complaint by an employee. [MCL 423.506.]

Section 11 provides:

If an employer violates this act, an employee may commence an action in the circuit court to compel compliance with this act. The circuit court for the county in which the complainant resides, the circuit court for the county in which the complainant is employed, or the circuit court for the county in which the complainant is employed, or the circuit court for the county in which the personnel record is maintained shall have jurisdiction to issue the order. Failure to comply with an order of the court may be punished as contempt. In addition, the court shall award an employee prevailing in an action pursuant to this act the following damages:

(a) For a violation of this act, actual damages plus costs.

(b) For a wilful and knowing violation of this act, $200.00 plus costs, reasonable attorney's fees, and actual damages. [MCL 423.511.]

Plaintiff argues that the court erred in granting defendant's motion for summary disposition because § 11 of ERKA granted plaintiff a remedy based on a substantive violation of the act. Plaintiff relies on the language of § 11, asserting that it provides a clear damages remedy, and also argues that, if this Court were to conclude that § 11 is ambiguous, it must be construed in plaintiff's favor because ERKA is a remedial statute, and remedial statutes are to be liberally construed in favor of the persons the Legislature intended to benefit, i.e., individual employees.

Defendant argues that under ERKA there are two requirements for an award of damages, a court-ordered compliance with the act and a failure to com-

ply with the court's order. Defendant argues that "the employer must first have failed to comply with an order of the court before Plaintiff would be entitled to an award of damages." Defendant also relies on the language of § 11 in advancing this construction.

This Court reviews de novo the circuit court's grant of summary disposition. *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 253; 571 NW2d 716 (1997). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). All factual allegations and any reasonable inferences therefrom are accepted as true and construed in the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Id.*

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski v Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor per-

mitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). If reasonable minds can differ with regard to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). The court must consider the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

The Legislature's intent with respect to the issue in question—whether damages are available only after violation of an order compelling compliance—is not clear beyond peradventure. On the one hand, the statute does not clearly state that an employee may commence an action for damages, and speaks of "an action . . . to compel compliance," resulting in an order. On the other hand, the statute clearly contemplates the award of damages "[f]or a violation of this act."

We conclude that § 11 contemplates that upon an employer's violation of the act, an employee may commence an action entitled "action to compel compliance." The appropriate circuit court has jurisdiction to enter an order to compel compliance. Failure to comply with such an order may be punished as contempt. In addition to entering an order compelling compliance, the court shall award an employee prevailing in the action to compel compliance (i.e., an employee establishing that the employer violated the act) damages for a violation of the act.

Under defendant's construction, the employee commences the action to compel compliance, and the circuit court may issue an order compelling compliance.[4] If the court enters such an order and it is violated, the court may hold the employer in contempt and, in addition, award the damages provided in subsections 11(a) and (b). This construction of the act links the damages to the violation of the order. Such a construction of § 11 is inconsistent with the language of the section and the act itself. The damages language of § 11 states that "the court shall award an employee prevailing in an action pursuant to this act the following damages." It refers to "an employee prevailing in an action pursuant to this act" rather than "an employee who secures an order of compliance that has been violated," or "an employee who prevails in a motion for contempt." Additionally, § 11 provides for damages "[f]or a violation of this act," rather than "damages for a violation of an order compelling compliance." Further, the act makes a distinction between "a violation of this act" and "a wilful and knowing violation of this act . . . ." Such a distinction seems inconsistent with defendant's construction in which damages can be awarded only after the employer has already violated the court's order of compliance.

The nature of ERKA is that it subsumes situations involving both past violations and continued violations of the act. The act contemplates that employers may refuse to allow employees to review their personnel records. The act contemplates that employees who have reviewed their personnel files may chal-

---

[4] Defendant has asserted that in deciding whether to issue such an order, the court must determine whether another violation is likely, and whether injunctive relief is warranted.

lenge the accuracy of reports contained therein and seek to have them expunged. The act contemplates that employees must be notified of the release of disciplinary information to third parties.[5] Under defendant's construction of the statute, once an employer releases disciplinary information to third parties without notice to the employee, an employee is restricted to filing an action to compel compliance, is not entitled to an order compelling compliance unless there is reasonable cause to anticipate another disclosure and resultant harm, and may not recover damages unless an order is obtained by the employee and violated by the employer, i.e., until there is another violation. Such a construction renders the actual statutory reference to damages "[f]or a violation of this act" (as opposed to defendant's construction of the actual language as meaning "for violation of an order compelling compliance") virtually nugatory.

In the instant case, while plaintiff sought both compliance and damages, he did not denominate his claim as an action to compel compliance. It is clear, however, that plaintiff's claim was not dismissed for a simple failure to properly title the action, but on the basis of a determination that plaintiff could not recover damages where he had not first obtained an order that had then been violated. The dissent asserts that the majority expands the right to commence an action for compliance to include an independent action for injunctive relief and damages. We do not so

---

[5] The notice must be given by first-class mail and mailed on or before the day the information is divulged. Clearly, the notice was not intended to allow the employee to prevent the disclosure, because it would be insufficient for that purpose. Rather, the notice is intended to provide the employee with notice of the disclosure so that the employee can counter such reports with which there is disagreement.

hold. Plaintiff is obliged to commence an action to compel compliance, and, in such an action, may seek compliance and damages for a violation of the act. The compliance relief sought is injunctive in nature, but is an order to comply with the act, and the damages relief is as provided by the act. The dissent concludes that because "the plain language of plaintiff's complaint simply does not constitute an action to compel compliance," statutory construction is neither necessary nor permitted. *Post* at 617. However, as noted above, plaintiff's complaint was dismissed on the basis of defendant's argument that plaintiff could not seek damages without first obtaining an order compelling compliance and suffering a violation of that order. We conclude that in order to determine the propriety of defendant's argument that a preexisting order is required under the statute, one must engage in statutory construction, and we conclude that the act does not require a violation of a preexisting order. Lastly, although the dissent expresses concern regarding the types of damages available, we do not here address what may be included in the term "actual damages," as distinguished from costs and attorney fees, because that issue is not before us.

We reverse the determination that an order of compliance must be obtained and violated before a plaintiff may bring an action to compel compliance under MCL 423.511 and remand for further proceedings. Plaintiff shall be permitted to file a properly titled complaint on remand.[6]

---

[6] Defendant asserts alternative bases for affirmance on appeal. These issues were raised in defendant's first motion for summary disposition that, with regard to ERKA, was denied without prejudice. These issues were not raised in the second motion for summary disposition pursuant to

III

Plaintiff also argues that he was entitled to summary disposition under MCR 2.116(I)(2), because he established that defendant violated § 6 of ERKA inasmuch as the township and Kelley were employers within the meaning of the act, plaintiff was an employee under the act, and the township and Kelley had a duty pursuant to MCL 423.506(1) not to disclose disciplinary information concerning plaintiff without sending written notice to plaintiff, but failed to provide notice to plaintiff. The circuit court gave no reasons for its denial of plaintiff's request for summary disposition, but did so without prejudice. However, plaintiff's entitlement to summary disposition implicates issues raised in defendant's initial motion for summary disposition but not addressed by the circuit court, which denied the motion without prejudice with regard to the ERKA count. Under these circumstances, the court did not err in denying plaintiff's motion for summary disposition without prejudice. Except with regard to the issue decided herein, both sides may renew their motions for summary disposition on remand.

We reverse the grant of summary disposition to defendant under MCR 2.116(C)(8), and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

B. B. MacKenzie, J., concurred.

─────────────

which the court dismissed the ERKA count. Thus, the court never reached these arguments below and we decline to address them on appeal. Defendant may renew these arguments on remand.

O'CONNELL, P.J. (*dissenting*). I respectfully dissent from the majority's opinion in this matter. In my view, the majority has improperly created a new cause of action under the Employee Right to Know Act (ERKA),[1] MCL 423.501 *et seq.* I would affirm the trial court's decision granting defendant Charter Township of Redford's motion for summary disposition.

The rules of statutory construction are well established:

> The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. If the plain and ordinary meaning of a statute is clear, judicial construction is neither necessary nor permitted. We may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. When reasonable minds may differ with respect to the meaning of a statute, the courts must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. [*Silver Creek Drain Dist v Extrusions Div, Inc*, 245 Mich App 556, 562-563; 630 NW2d 347 (2001), lv gtd 466 Mich 860 (2002) (citations omitted).]

ERKA provides in pertinent part:

> If an employer violates this act, an employee may commence an action in the circuit court to compel compliance with this act. . . . Failure to comply with an order of the court may be punished as contempt. In addition, the court shall award an employee prevailing in an action pursuant to this act the following damages:
>
> (a) For a violation of this act, actual damages plus costs.

---

[1] ERKA only allows for an action to "compel compliance with this act." MCL 423.511. The majority expands this right to include an independent action for injunctive relief and damages. While the act allows for an award of damages, it does so only in concert with an action to compel compliance.

(b) For a wilful and knowing violation of this act, $200.00 plus costs, reasonable attorney's fees, and actual damages. [MCL 423.511.]

According to the plain language of the act, see *Silver Creek Drain Dist, supra,* the only cause of action that initially can be filed under the act is an action "to compel compliance with this act." MCL 423.511. Because plaintiff did not commence an action "to compel compliance with this act," his cause of action was properly dismissed for failure to state a claim on which relief could be granted. See MCR 2.116(C)(8). Specifically, plaintiff filed an action merely for "violation" of the act and requested injunctive relief, the latter of which is not contemplated by the act. See MCL 423.511. The majority finds an ambiguity in the statute and construes it in favor of plaintiff. However, the plain language of plaintiff's complaint simply does not constitute an action to compel compliance, see MCR 2.116(C)(8). Thus, statutory "construction is neither necessary nor permitted" in this case. *Silver Creek Drain Dist, supra.*

Because plaintiff failed to correctly plead his case and did not amend his complaint,[2] the trial court had no choice but to dismiss it. MCR 2.116(B)(1), and (C)(8). I believe that the procedural mechanism required by ERKA is important to assure exhaustion of remedies, to give the defendant a chance to comply with the act, and to allow valid claims for damages to be brought to the circuit court. Therefore, the major-

---

[2] Plaintiff did not move to amend his complaint and merely argued that the trial court should have allowed amendment before ruling on defendant's motion for summary disposition. This is an insufficient request to amend a pleading. See MCR 2.118.

ity has improperly created a new cause of action under ERKA.[3]

I would affirm the trial court's decision.

---

[3] I see ERKA as similar to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Under the FOIA, one cannot maintain an independent action for damages, but must sue for compliance with the act and may recover attorney fees, costs, and damages expended in pursuing the compliance action. See, e.g., MCL 15.240. In my opinion, ERKA, like the FOIA, allows an action for compliance with the recovery of only those fees, costs, and damages incurred in procuring compliance. Compare MCL 423.511.