MILLER v IRWIN

Docket No. 120618. Submitted December 4, 1990, at Detroit. Decided
    February 28, 1991; approved for publication August 14, 1991, at
    9:00 A.M.

    James N. Miller and Arleen Miller brought an action in the
    Oakland Circuit Court against Robert Irwin and his wife,
    Geraldine W. Irwin, seeking to satisfy a district court judgment
    earlier obtained against Robert Irwin. The plaintiffs alleged
    that Mrs. Irwin was the beneficiary of certain fraudulent
    conveyances of realty made by Mr. Irwin to avoid paying the
    plaintiffs' judgment against him. The plaintiffs further alleged
    that money they gave Mr. Irwin as a deposit toward a real
    estate purchase was converted by Mr. Irwin and used to make
    mortgage payments on realty held by the Irwins as tenants by
    the entirety. The circuit court, Barry L. Howard, J., granted
    summary disposition for Mrs. Irwin, ruling that the plaintiffs
    had failed to state a claim on which relief could be granted.
    The circuit court also granted an award of costs and attorney
    fees to Mrs. Irwin, determining that the action against her was
    frivolous. The plaintiffs appealed.

    The Court of Appeals *held:*

    1. MCL 566.19(1); MSA 26.889(1), the statute that governs
    fraudulent conveyances, does not apply in this case. The con-
    veyance of the realty in question occurred long before any
    alleged fraud against the plaintiffs. Summary disposition of the
    claim of fraudulent conveyance was proper.

    2. The trial court erred in granting summary disposition of
    the plaintiffs' other claim. On remand, to the extent that the
    Irwins' equity in the realty held under a tenancy by the
    entirety was increased through payments on the mortgage
    made with the converted funds, the plaintiffs are entitled to a
    lien against that realty.

    3. The plaintiffs' claims had sufficient ostensible validity. The
    trial court erred in determining that the action against Mrs.

REFERENCES

Am Jur 2d, Fraudulent Conveyances § 105.
See the Index to Annotations under Community Property; Fraudu-
lent Conveyances; Husband and Wife.

Irwin was frivolous and in awarding costs and attorney fees on the basis of that determination.

Affirmed in part, reversed in part, and remanded.

FRAUDULENT CONVEYANCES — JUDGMENT DEBTORS — LIENS AGAINST REALTY.

A judgment creditor who secures a judgment on a claim that the judgment debtor had converted monies owned by the creditor may obtain a lien against realty owned by the debtor and the debtor's spouse as tenants by the entirety where the creditor can show that the debtor, after incurring the judgment, applied the converted monies toward retiring a mortgage debt on the realty.

*Balfour Peisner,* for the plaintiffs.

*John K. Irwin,* for the defendant.

Before: HOLBROOK, JR., P.J., and WAHLS and T. G. KAVANAGH,* JJ.

PER CURIAM. Plaintiffs appeal as of right an order of the Oakland Circuit Court granting defendant Geraldine W. Irwin summary disposition pursuant to MCR 2.116(C)(8) as well as awarding costs and fees for defending a frivolous action. We affirm in part and reverse in part.

Plaintiffs, interested in purchasing a parcel of real estate, gave defendant Robert Irwin, doing business as Irwin Real Estate, a deposit of $2,500. Because of the sellers' refusal to make certain repairs plaintiffs demanded, the transaction was never consummated. Robert Irwin, however, refused to refund the deposit, and plaintiffs filed suit in district court. On December 8, 1988, plaintiffs received a judgment against Robert Irwin and Irwin Real Estate in the amount of $7,843.36, including costs and interest.

After garnishing Mr. Irwin's bank account,

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

which was devoid of funds, plaintiffs obtained a writ of execution on property belonging to Mr. Irwin and Irwin Real Estate. The seized property yielded only $410 at auction, and two more writs were obtained. On May 31, 1989, plaintiffs filed the instant action in the Oakland Circuit Court.

In their complaint, plaintiffs alleged that Robert Irwin had an interest in several parcels he owned with his wife, defendant Geraldine Irwin, as tenants by the entirety. They also alleged the Irwins were trying to sell a parcel to place it beyond the reach of execution. Plaintiffs also filed notices of lis pendens on two parcels, and on July 20, 1989, filed an entry of default. Defendant Geraldine Irwin moved to set aside the default judgment on July 26, 1989, citing a lack of personal service. The defendant also indicated in her motion that defendant Robert Irwin had died on May 22, 1989, and that plaintiffs had been sent a copy of his death certificate. Defendant moved for summary disposition on the basis of insufficient service of process and failure to state a claim, MCR 2.116(C)(3) and (8).

Before the hearing on defendant's motions, plaintiffs filed an amended complaint, adding a claim under MCL 566.19; MSA 26.889, which provides for the setting aside of fraudulent conveyances intended to defeat creditor's rights, except as against a purchaser for value.

At the hearing on defendant's motions, plaintiffs conceded improper service, thereby disposing of the default issue. Regarding the two parcels, defendant maintained that they were transferred to a tenancy by the entirety in 1974 and 1975. The trial court found that the property had been deeded a "long time ago" and that plaintiffs "had no basis for going against the wife." Defendant was granted summary disposition pursuant to

MCR 2.116(C)(8) and was awarded attorney fees and costs for defending a frivolous action.

On appeal, the issue presented by plaintiffs is whether a complaint that claims that a defendant is the beneficiary of fraudulent conveyances and that seeks to subject the property so conveyed to a judgment previously entered against the conveyor states a cause of action.

MCL 566.19(1); MSA 26.889(1) provides:

> Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such purchaser:
> (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or
> (b) Disregard the conveyance and attach or levy execution upon the property conveyed.

A fundamental rule of statutory construction is that courts may not speculate regarding the Legislature's probable intent beyond the words employed in a statute. A word or phrase in a statute is to be given its plain and ordinary meaning. *Winiecki v Wolf,* 147 Mich App 742, 744; 383 NW2d 119 (1985). When the language of a statute is clear and unambiguous, judicial construction is neither permitted nor required. Such a statute must be applied, not interpreted, because it speaks for itself. *City of Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959); *Attard v Adamczyk,* 141 Mich App 246, 250; 367 NW2d 75 (1985).

By its language, MCL 566.19(1); MSA 26.889(1) applies where "a conveyance is fraudulent as to a

creditor." It is uncontroverted that the conveyance of the two lots in question occurred long before any alleged fraud against plaintiffs. Clearly the statute is inapplicable to the plaintiffs at bar because the conveyances were not made to defraud them. Thus, we find no error in the trial court's finding with respect to the lots.

We do, however, find error in the trial court's rejection of plaintiffs' allegation in their amended complaint that Robert Irwin's fraudulently obtained funds were placed "in entireties property in his name with his wife." Although unclear from the allegations in the complaint, plaintiffs seem to have argued that mortgage payments on the properties held under a tenancy by the entirety were made after the debt was incurred.

Plaintiffs' claim was dismissed under MCR 2.116(C)(8), failure to state a claim upon which relief can be granted, which tests the legal sufficiency of the pleadings alone. Accepting the factual allegations of the complaint as true, along with all inferences that reasonably can be drawn therefrom, the court shall grant a motion only if it is satisfied that the claim cannot succeed because of some deficiency that cannot be overcome at trial. *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737, 741; 440 NW2d 101 (1989).

Plaintiffs argue quite persuasively that discovery would have revealed further information pertaining to the amounts paid by Robert and Geraldine Irwin, the appreciation of the property in question, and other relevant facts. Before the completion of discovery, summary disposition is proper only "where further discovery does not stand a fair chance of uncovering factual support for the opposing party's position." *Neumann v State Farm Mutual Automobile Ins Co,* 180 Mich App 479,

485; 447 NW2d 786 (1989). Thus, summary disposition was granted improperly here.

Although plaintiffs are not entitled to sue defendant Geraldine Irwin directly on the district court judgment, *Old Ben Coal Co v Universal Coal Co,* 248 Mich 486, 491; 227 NW 794 (1929), to the extent that the equity in the properties in question has been increased through payments on the mortgage, if those payments came from the converted funds, plaintiffs are entitled to a lien against the property. *McCaslin v Schouten,* 294 Mich 180, 185; 292 NW 696 (1940). On remand, plaintiffs should be allowed to conduct discovery, and pursue the action to trial, at which time the amount of funds to which they may be entitled would be determined.

Further, we believe there is enough ostensible validity to plaintiffs' claims to refute the trial court's finding of frivolity. For that reason, we reverse the award of attorney fees to defendant.

Affirmed in part, reversed in part, and remanded. We do not retain further jurisdiction.