PATTERSON v KLEIMAN

Docket No. 134858. Submitted February 3, 1993, at Detroit. Decided April 5, 1993, at 10:35 A.M. Leave to appeal sought.

Ruby Patterson, as personal representative of the estate of Tyrone Patterson, deceased, brought a medical malpractice action in the Wayne Circuit Court against Martin E. Kleiman, M.D., and Ruby Roc, M.D. The defendants, without filing an answer and before the completion of discovery, moved for summary disposition on the basis of governmental immunity, contending that they were entitled to a judgment in their favor in the absence of allegations of gross negligence. The court, John H. Gillis, Jr., J., granted the motion. The plaintiff appealed.

The Court of Appeals *held:*

1. Governmental immunity is an affirmative defense whose supporting facts must be pleaded by a defendant, not a plaintiff. Because the plaintiff in this case is not required to anticipate an affirmative defense, she had no duty to allege gross negligence.

2. Summary disposition for a defendant on the basis of immunity is properly granted before the completion of discovery only where further discovery would not stand a fair chance of uncovering factual support for the plaintiff's position. In this case, the trial court erred in granting the defendants' motion because it cannot be said that discovery would not stand a fair chance of uncovering factual support for finding gross negligence.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES — GROSS NEGLIGENCE — SUMMARY DISPOSITION.

Summary disposition before the completion of discovery in a negligence action against a government employee is improperly granted on the basis of immunity where further discovery might uncover factual support for finding gross negligence (MCR 2.116[C][7]; MCL 691.1407[2]; MSA 3.996[107][2]).

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 668, 670, 699.
See ALR Index under Governmental Immunity or Privilege.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith* and *Lori A. Young-Barker*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Clive D. Gemmill* and *Mark S. Meadows,* Assistant Attorneys General, for the defendants.

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

CONNOR, J. Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition based on governmental immunity, MCR 2.116(C)(7). We reverse.

Plaintiff sued defendants for medical malpractice. Defendants moved for summary disposition without answering the complaint. They argued that, accepting plaintiff's pleadings as true, they were immune from liability. The trial court agreed, and dismissed plaintiff's complaint pursuant to MCR 2.116(C)(7).

To state a malpractice claim, plaintiff had to allege facts sufficient to establish simple negligence. As government employees, defendants are immune from tort liability if their conduct does not amount to gross negligence. MCL 691.1407(2); MSA 3.996(107)(2). However, governmental immunity is an affirmative defense; therefore it is something for which defendants, not plaintiff, were required to plead supporting facts. See MCR 2.111(F)(3). Because plaintiff is not required to anticipate an affirmative defense, she had no duty to allege gross negligence.

When considering a motion brought under MCR 2.116(C)(7), we consider all the affidavits, pleadings, and other documentary evidence filed or submitted by the parties. *Haywood v Fowler,* 190 Mich App

253, 255-256; 475 NW2d 458 (1991). We must consider all well-pleaded allegations as true and construe them most favorably to the plaintiff. *Id.* If reasonable minds cannot differ with respect to whether a defendant's actions amounted to gross negligence, summary disposition is appropriate. *Vermilya v Dunham,* 195 Mich App 79, 83; 489 NW2d 496 (1992). However, summary disposition before the completion of discovery is proper only where further discovery does not stand a fair chance of uncovering factual support for the opposing party's position. *Miller v Irwin,* 190 Mich App 610, 614; 476 NW2d 632 (1991).

Given plaintiff's allegations of fact, we cannot say that a reasonable mind could not find defendants' conduct "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). We also cannot say that discovery would not stand a fair chance of uncovering factual support for finding gross negligence. We find that the trial court erred in granting defendants' motion. While it was appropriate for the trial court to have ruled that plaintiff would be required to establish gross negligence, it was not appropriate to have dismissed plaintiff's claims at this stage in the proceedings.

Reversed and remanded. We do not retain jurisdiction.