PATTERSON v KLEIMAN

Docket No. 96831. Decided November 15, 1994. On application by the
defendants for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the judgment of the Court of Appeals.
Rehearing denied 448 Mich 1202.

Ruby Patterson, as personal representative of the estate of Ty-
rone Patterson, deceased, brought a medical malpractice action
in the Wayne Circuit Court against Martin E. Kleiman and
Ruby Roc, physicians at Northville Regional Psychiatric Hospi-
tal, alleging that they were responsible for the negligent inser-
tion of an endotracheal tube, which directly resulted in Mr.
Patterson's death. By affidavit, the defendants denied that they
had been involved in the insertion of the tube. The court, John
H. Gillis, Jr., J., granted summary disposition for the defen-
dants under MCR 2.116(C)(7), finding that they were immune
from suit. The Court of Appeals, WAHLS, P.J., and MICHAEL J.
KELLY and CONNOR, JJ., reversed (Docket No. 134858). The
defendants seek leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH,
and Justices LEVIN, RILEY, GRIFFIN, and MALLETT, the Supreme
Court *held:*

The Court of Appeals properly reviewed all the material
submitted in support of and in opposition to the plaintiff's
claim, and correctly determined that it was not appropriate to
have dismissed the claim at that stage of the proceedings.

1. A motion for summary disposition and the manner in
which such a motion is considered by the trial court vary,
depending on the nature of the motion. A motion under MCR
2.116(C)(7) may be supported by affidavits, depositions, admis-
sions, or other documentary evidence. If such material is sub-
mitted to the court, it must be considered. A motion under
MCR 2.116(C)(8) may not be supported by affidavits, depositions,
admissions, or other documentary evidence. When considering
such a motion, the trial court must rely only on the pleadings.
A motion under MCR 2.116(C)(10) must be supported by affida-
vits, depositions, admissions, or other documentary evidence.
The adverse party may not rest on mere allegations or denials
of a pleading, but must, by affidavits or other appropriate
means, set forth specific facts to show that there is a genuine

issue for trial. All supporting and opposing material must be considered by the court.

2. In this case, although the defendants' motion was filed under MCR 2.116(C)(7), (8), and (10), the circuit court expressly granted summary disposition on the basis of governmental immunity. Thus, summary disposition was rendered under MCR 2.116(C)(7). If a motion under MCR 2.116(C)(7) were considered in the same manner as a motion under MCR 2.116(C)(8), the defendants' sworn denials and the plaintiff's responsive documentation would be of no account, since the court would be required simply to treat the allegations of the complaint as true. However, because under MCR 2.116(G)(5) the court must consider the affidavits and other supplementary papers filed by the parties, all the materials were properly considered.

Affirmed, but modified.

Justice Boyle, joined by Justice Brickley, dissenting, stated that leave to appeal should be granted. It is ill-advised to issue a per curiam decision that affects every civil case in Michigan without input from the practicing bar and an invitation for briefs amici curiae from the trial judiciary regarding how or why the Michigan rule and its apparent adherence to a non-unified approach to motion practice is superior to the approach under FR Civ P 12(b), 12(c), and 56.

199 Mich App 191; 500 NW2d 761 (1993) modified.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Clive D. Gemmill* and *Mark S. Meadows,* Assistant Attorneys General, for the defendants.

Per Curiam. This is a medical malpractice case in which the circuit court granted summary disposition under MCR 2.116(C)(7), but the Court of Appeals reversed. We affirm the judgment of the Court of Appeals, but clarify the proper analysis of a motion under MCR 2.116(C)(7).

I

The plaintiff's decedent was a long-time resident

of the Northville Regional Psychiatric Hospital.
He suffered a seizure on February 6, 1989, and
was taken to St. Mary Hospital in Livonia, where
he died.

The plaintiff filed suit against two physicians at
Northville, alleging that they were responsible for
the faulty insertion of an endotracheal tube. The
defendants responded with a motion for summary
disposition. The motion was supported by the de-
fendants' affidavits in which they swore that they
had not been involved in the insertion of such a
tube.

The plaintiff's answer to the motion was sup-
ported by two documents. One was a physician's
letter in which he offered the opinion that the
tube had been inserted in a manner that was
grossly negligent. The second was an emergency
room report that the plaintiff submitted to support
her allegation that the disputed tube had been
inserted before the decedent's arrival at St. Mary
Hospital.

The circuit court granted the motion for sum-
mary disposition, finding the defendants immune.
The Court of Appeals reversed. 199 Mich App 191;
500 NW2d 761 (1993).[1] The defendants have ap-
plied to this Court for leave to appeal.

II

The defendants' motion for summary disposition
was filed under three separate paragraphs of MCR
2.116(C). The defendants said that they were im-
mune from suit. MCR 2.116(C)(7). They also said
that the plaintiff had failed to state a claim on
which relief can be granted. MCR 2.116(C)(8). Fi-
nally, they asserted that there was no genuine

---

[1] The Court of Appeals later denied rehearing. Unpublished order
issued May 25, 1993 (Docket No. 134858).

issue as to any material fact, and that they were entitled to judgment as a matter of law. MCR 2.116(C)(10).

The requirements for a motion for summary disposition and the manner in which such a motion is considered by the trial court vary, depending on the nature of the motion. A motion under MCR 2.116(C)(7) *may* be supported by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3). If such material is submitted to the court, it *must* be considered. MCR 2.116(G)(5).

A motion under MCR 2.116(C)(8) may not be supported by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(2). When considering such a motion, the trial court must rely only on the pleadings. MCR 2.116(G)(5).

A motion under MCR 2.116(C)(10) must be supported by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3)(b). The adverse party may not rest upon mere allegations or denials of a pleading, but must, by affidavits or other appropriate means, set forth specific facts to show that there is a genuine issue for trial. MCR 2.116(G)(4). All this supporting and opposing material must be considered by the court. MCR 2.116(G)(5).

As noted above, the defendants' motion was filed under all three paragraphs.[2] However, the circuit court expressly granted summary disposition on the basis of governmental immunity. Thus the summary disposition in this case was rendered under MCR 2.116(C)(7).

---

[2] Whether the defendants actually were involved in the insertion of an endotracheal tube, and whether they did so in a manner that was grossly negligent, are questions that affect both their immunity to suit, MCR 2.116(C)(7), and their possible entitlement to judgment as a matter of law, MCR 2.116(C)(10). That is because, as governmental employees, they are ordinarily immune from suit for actions that do not involve gross negligence. MCL 691.1407(2)(c); MSA 3.996(107)(2)(c).

III

The Court of Appeals has reversed the summary disposition entered by the circuit court. We affirm that result. However, it is necessary to clarify the Court of Appeals analysis.

At one point in its discussion, the Court of Appeals stated:

When considering a motion brought under MCR 2.116(C)(7), we consider all the affidavits, pleadings, and other documentary evidence filed or submitted by the parties. *Haywood v Fowler,* 190 Mich App 253, 255-256; 475 NW2d 458 (1991). We must consider all well-pleaded allegations as true and construe them most favorably to the plaintiff. *Id.* [199 Mich App 192-193.]

Those two principles are accurately attributed to *Haywood,* and they have been presented together in other decisions, as well.[3] Likewise, each leg of *Haywood* finds support in the published decisions of the Court of Appeals.[4]

However, the practical effect of these maxims often is directly contradictory. If, as in the present case, the defendants submit affidavits that contradict the allegations of the complaint, it is not

[3] See, e.g., *Marrero v McDonnell Douglas Capital Corp,* 200 Mich App 438, 440-441; 505 NW2d 275 (1993); *Simmons v Apex Drug Stores, Inc,* 201 Mich App 250, 252; 506 NW2d 562 (1993); *Jones v State Farm Mutual Automobile Ins Co,* 202 Mich App 393, 396-397; 509 NW2d 829 (1993); *Skotak v Vic Tanny Int'l, Inc,* 203 Mich App 616, 617; 513 NW2d 429 (1994). See also *Wade v Dep't of Corrections,* 439 Mich 158, 162-163; 483 NW2d 26 (1992).

[4] Compare *Montgomery v Detroit,* 181 Mich App 298, 302-303; 448 NW2d 822 (1989), *Chivas v Koehler,* 182 Mich App 467, 471; 453 NW2d 264 (1990), and *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992), with *Mollett v City of Taylor,* 197 Mich App 328, 332-333; 494 NW2d 832 (1992), *Brownell v Garber,* 199 Mich App 519, 529; 503 NW2d 81 (1993), and *Diversified Financial Systems, Inc v Schanhals,* 203 Mich App 589, 591; 513 NW2d 210 (1994).

possible to honor fully both rules—the circuit court cannot simultaneously consider all well-pleaded allegations as true *and* give meaningful consideration to the additional papers filed to support and oppose the motion.

In the present case, the plaintiff filed a complaint alleging that her decedent died as the direct result of the defendants improperly and unwisely inserting an endotracheal tube. The defendants then filed affidavits saying, in essence, that the plaintiff sued the wrong defendants—they never inserted such a tube or caused anyone else to insert it.[5] The plaintiff responded with documentation to support her claim that the defendants *were* the persons responsible for her decedent's death.

If a motion under MCR 2.116(C)(7) were considered in the same manner as a motion under MCR 2.116(C)(8), the defendants' sworn denials and the plaintiff's responsive documentation would be of no account, since the court would be required simply to treat the allegations of the complaint as true. However, MCR 2.116(G)(5) provides that the court must consider the affidavits and other supplementary papers filed by the parties. *Neibarger v Universal Cooperatives, Inc,* 439 Mich 512, 532, n 29; 486 NW2d 612 (1992). Thus, all these materials were properly considered by the courts below.[6]

---

[5] As noted in n 2, this denial could be used to support summary disposition under MCR 2.116(C)(10) (no wrongful conduct at all) or under 2.116(C)(7) (no gross negligence, hence governmental immunity).

[6] A party who files a motion under MCR 2.116(C)(10) must support the motion with affidavits or other appropriate documentation, MCR 2.116(G)(3)(b), and the adverse party may not rest upon the pleadings, MCR 2.116(G)(4). The difference between a motion under MCR 2.116(C)(7) and a motion under MCR 2.116(C)(10) is that a movant under MCR 2.116(C)(7) is not required to file supportive material, and the party opposing the motion is not required to respond in kind. Moreover, the contents of the complaint must be accepted as true unless specifically contradicted by the affidavits or other appropriate documentation submitted by the movant.

In this case, the Court of Appeals properly reviewed all the material submitted in support of, and in opposition to, the plaintiff's claim, and correctly determined that "it was not appropriate to have dismissed plaintiff's claims at this stage in the proceedings." 199 Mich App 193.

With clarification of the proper manner for consideration of a motion under MCR 2.116(C)(7), we affirm the judgment of the Court of Appeals. MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, RILEY, BRICKLEY, and MALLETT, JJ., concurred.

BOYLE, J. (*dissenting*). The rationale of the per curiam opinion seems to be that "what was, is."

I would grant leave to appeal to allow the profession to educate the members of the Court on how or why the Michigan rule and its apparent adherence to a nonunified approach to motion practice is superior to the approach under FR Civ P 12(b), 12(c), and 56. In my view, it is ill-advised to issue a per curiam decision that affects every civil case in our state without input from the practicing bar and an invitation for briefs amici curiae from the trial judiciary.

BRICKLEY, J., concurred with BOYLE, J.