# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL BACOW, a/k/a JOEL MARTIN,

Plaintiff-Appellant,

v

MASTER BEAT, INC., WALTER
PALAMARCHUK, and MICHAEL SKILL,

Defendants/Third-Party Plaintiffs-
Appellees,

and

GEORGE CANLER,

Third-Party Defendant.

UNPUBLISHED
October 29, 2015

No. 320323
Oakland Circuit Court
LC No. 2013-131636-CZ

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition in favor of defendants pursuant to MCR 2.116(C)(8). Plaintiff is a music producer, manager, and "music industry professional" with extensive experience in the music industry. Defendants Walter Palamarchuk and Michael Skill are two members of a band called "The Romantics," along with other band members not parties to this matter. The band formed defendant Master Beat to handle the band's business affairs. In 1994, defendants entered into an agreement with plaintiff under which plaintiff assisted the band and acted as a consultant regarding a lawsuit defendants pursued against a former manager. In relevant part, the agreement entitled plaintiff to a percentage of defendants' recovery from the lawsuit and from royalties defendants would receive in the future. Plaintiff commenced the instant suit, alleging that he was not receiving the percentages of royalties to which he was due. Defendants moved for summary disposition on the argument that the consulting agreement violated public policy and was therefore unenforceable. The trial court agreed. We disagree, so we reverse and remand.

We review a trial court's decision on summary disposition de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The trial court reviewed and granted defendants' motion under MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) tests the legal

-1-

sufficiency of the plaintiff's complaint by the pleadings alone.[1]  *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994).  All well-pleaded factual allegations are accepted as true, "as well as any reasonable inferences or conclusions that can be drawn from the allegations."  *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996).  Summary disposition may be granted only if "the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery."  *Wade v. Dep't of Corr.*, 439 Mich. 158, 163, 483 N.W.2d 26, 28 (1992) holding modified by *Kleiman*, 447 Mich. 429.

The parties' consulting agreement provides, in relevant part:

> In consideration of the mutual covenants and conditions herein contained, the parties agree as follows:
>
> The Group and/or Master Beat, Inc. hereby retains and employs Joel Martin to act as Consultant regarding the following:
>
> > Civil lawsuit against Arnold Tencer, Joel Zuckerman, Peter Shukat, Forever Endeavor Inc., Spider Management Inc., and Spider Records Inc., et al, Oakland County Circuit Court case number 89-865792 CK (the "lawsuit").
>
> As and when requested by The Group and/or Master Beat, Inc., Consultant will advise and counsel The Group and/or Master Beat, Inc. with the selection of attorneys, accountants, experts and other persons with respect to the lawsuit, and when requested will act as liason [sic] between The Group and/or Master Beat, Inc. and such individuals.
>
> The Group and/or Master Beat, Inc., agrees to pay the Consultant for the service to be performed by him, as compensation, the sum of an amount equal to 20% (twenty percent) of the gross proceeds from said lawsuit (any legal and accounting fees relating to the lawsuit shall be deducted from gross proceeds before calculating the Consultants [sic] compensation) and 20% (twenty percent) of any recovery of property, whether or not in lieu of cash (including 20% of monies or property recovered or received from defendants (a) during the pendency of the lawsuit; (b) as a result of a settlement of the lawsuit; (c) or based on a judgement entered by the court) and 20% (twenty percent) of the future gross publishing and songwriting royalties received by The Group and/or Master Beat, Inc. (excluding the songwriters [sic] share from ASCAP royalties) relating to all compositions written and/or recorded by The Group (The Romantics) from 1977 through 1987 inclusive.  Within ten days of the receipt of any funds received as

---

[1] Thus, like the trial court, we must confine our review to the pleadings and, therefore, we do not consider the documentary evidence submitted on appeal.  We note, however, that the consulting agreement was attached as an exhibit to the complaint and, therefore, is part of the complaint for all purposes.  MCR 2.113(F)(2).

described in the preceeding [sic] sentence, the Group and/or Master Beat, Inc. shall pay consultant the agreed upon compensation along with copies of the checks and statements received relating to such gross income.

In addition to such compensation, the Group and/or Master Beat, Inc. shall pay, from first funds received, any and all necessary fees and/or expenses which may be paid or incurred by the Consultant on behalf of the Group and/or Master Beat, Inc. in connection with his performance of the above-mentioned services.

The trial court found that this was a contingency fee agreement dependent upon the results of the underlying litigation and that it compensated plaintiff for acting as a middleman or broker in that litigation. Relying on *Dupree v Malpractice Research, Inc*, 179 Mich App 254; 445 NW2d 498 (1989), the trial court found that the agreement was therefore void as violative of public policy. We disagree.

"[T]he bedrock principle of American contract law [is] that parties are free to contract as they see fit, and the courts are to enforce the agreement as written absent some highly unusual circumstance, such as a contract in violation of law or public policy." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003). What constitutes "public policy" must be more than the mere opinions of judges or justices, but rather must be objectively ascertainable from the law itself, including the common law, statutes, and constitutions. *Rory v Continental Ins Co*, 473 Mich 457, 471; 703 NW2d 23 (2005). A violation of any such public policy will only be found under narrow circumstances. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 372; 817 NW2d 504 (2012). Any such public policy must be explicit, well-defined, and "adopted by the public through our various legal processes"; it is not enough to find that disregarding a contract would serve a social good. *Terrien v Zwit*, 467 Mich 56, 66-70; 648 NW2d 602 (2002).

We find *Dupree* critically distinguishable from this case because *Dupree* involved a contingency fee for expert testimony in a medical malpractice and personal injury context. The outcome of *Dupree* was based in large part on the fact that there were specific laws against contingency fees for expert witnesses. *Dupree*, 179 Mich App at 260. In addition, the *Dupree* Court observed that contingency fees for expert witnesses were intrinsically corrupting and likely to induce such witnesses to take licenses with the truth in their testimonies, with the effect of perverting the entire court system. *Id*. at 264-265. It is not possible to draw an analogy between the situation in *Dupree* and the situation at bar without noting that we have been cited with no statutory or constitutional or common law prohibiting consultants from receiving a percentage share of whatever benefit they accrue to their clients, nor have we been cited any convincing argument that such an arrangement will pervert our courts or jurisprudence. We agree with defendants that plaintiff's argument, at its core, is that *Dupree* should be limited to its facts and we agree: *Dupree* should, be limited to its facts.

Reversed and remanded. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Cynthia Diane Stephens

-3-