# STATE OF MICHIGAN

# COURT OF APPEALS

GEANIECE D. CARTER,

Plaintiff-Appellant,

v

WARREN CONSOLIDATED SCHOOL
DISTRICT, also known as WARREN
CONSOLIDATED SCHOOLS,

Defendant-Appellee,

and

JOHN BERNIA and COREY TREMMEL,

Defendants.

UNPUBLISHED
October 10, 2017

No. 332706
Macomb Circuit Court
LC No. 2015-004634-CD

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant Warren Consolidated School District pursuant to MCR 2.116(C)(7) in this defamation action.[1]  We affirm.

Plaintiff filed her complaint, in propria persona, alleging one claim of defamation against defendant district.  Plaintiff was working as a substitute teacher at Carleton Middle School in defendant's district on November 13, 2015, and concedes that after having significant difficulty with a student in her classroom, including experiencing severe verbal abuse and disrespectful behavior from the student, she "expressed her frustration that she was only having these problems from black students, especially at Carleton Middle School."  Plaintiff alleged that defendant John Bernia, the principal of Carleton Middle School, told her she would not receive any further assignments at Carleton Middle School as a result of her comment to the students.

---

[1] In this opinion we will refer to Warren Consolidated School District as "defendant district."

Plaintiff was subsequently informed by the staffing agency that she worked for, Edustaff, that she would no longer receive any assignments in defendant's district.

Plaintiff's claims against defendant Corey Tremmel, principal of Harwood Elementary School, stem from an alleged incident at that school leading to complaints Tremmel allegedly had about plaintiff's work performance in December 2015. Specifically, these complaints related to how plaintiff answered the telephone in the classroom, the fact that the classroom she substituted in was messy, and her alleged failure to pass out a necessary document to send home to parents. Edustaff contacted plaintiff regarding the incident after receiving a performance feedback form from unnamed staff at Harwood Elementary School. Specifically, Edustaff informed plaintiff she would no longer be able to work in that school, and if she received any additional negative reports from defendant district she would no longer receive employment opportunities in that school district. Plaintiff alleged that she "experienced a drastic reduction in calls for assignments within" defendant's district and other school districts following these incidents. She also alleged that she lost significant income as a result, and that her ability to obtain future employment is impacted as a result of these incidents and the negative allegations made against her.

Plaintiff argues that the trial court erred when it granted summary disposition in favor of defendant district on the basis of governmental immunity.[2] We disagree.

This Court reviews the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper pursuant to MCR 2.116(C)(7) when a party has "immunity granted by law[.]" In reviewing a motion under MCR 2.116(C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact and construes them in the plaintiff's favor, unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010).

MCL 691.1407(1) provides, in pertinent part, as follows:

(1) Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

---

[2] To the extent that plaintiff asserts that the Eleventh Amendment does not provide immunity to defendant district, we note that defendant solely sought immunity from plaintiff's claims pursuant to the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., and the trial court granted summary disposition pursuant to MCR 2.116(C)(7) on that basis. Where defendant district did not seek immunity on the basis of the Eleventh Amendment, plaintiff's arguments that the Eleventh Amendment does not provide defendant district with immunity are not pertinent to this case.

In pertinent part, MCL 691.1401(b) defines "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." To decide whether "an act is a governmental function, [this Court] looks to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015) (quotation marks and citation omitted). As defendant points out, staffing teachers in classes to provide an education to students in public schools, monitoring teacher performance in class, providing teacher feedback, and making staffing decisions that are in the best interests of the students are clearly "governmental functions," and therefore we agree that defendant district is entitled to dismissal of plaintiff's claims on the basis of governmental immunity pursuant to MCR 2.116(C)(7).[3]

Plaintiff also argues that Bernia and Tremmel are liable for defamation. We disagree.

As an initial matter, we acknowledge that it is unclear from the record whether plaintiff's claims against Bernia and Tremmel were properly added to this action in the lower court proceedings. Specifically, plaintiff filed the complaint on December 30, 2015. On January 26, 2016, plaintiff filed a motion seeking to amend the complaint to add defamation claims against both Bernia and Tremmel. Defendant filed a response opposing the motion, but for reasons unclear from the record, the trial court's ultimate decision regarding plaintiff's motion to amend the complaint is not discernable from the record. Accordingly, we are left to presume that the trial court granted leave to plaintiff to amend her complaint pursuant to MCR 2.118(A)(2). Citing MCR 2.105(A), defendant also points out that Bernia and Tremmel were not properly served with a copy of the amended complaint. The record further evidences that a proof of service that plaintiff filed on January 26, 2016 confirms that a copy of the complaint was served on defendant's superintendent on December 31, 2015, but there is no indication that the amended complaint was properly served on Bernia and Tremmel. On appeal, plaintiff seeks remand to the trial court regarding her claims against Bernia and Tremmel, noting that the trial court did not issue a ruling with respect to Bernia and Tremmel as part of its decision granting defendant's motion for summary disposition. For reasons unclear, the trial court did not address plaintiff's claims against Bernia and Tremmel in its ruling on defendant's motion for summary disposition, even after plaintiff advanced argument concerning the specific claims against Bernia and Tremmel in her response to defendant's motion for summary disposition. In any event, setting aside these procedural matters, where the record is sufficient for us to undertake an analysis with respect to whether Bernia and Tremmel are immune from liability, we will address this claim on the merits. This Court may decide unpreserved questions of law where the "facts necessary for its resolution have been presented." *Johnson Family Ltd v White Pine Wireless, LLC*, 281 Mich App 364, 377; 761 NW2d 353 (2008).

Because Bernia and Tremmel are public school principals they would be classified as "lower-ranking governmental employee[s] or official[s]," and they have qualified immunity from

---

[3] Notably, none of the exceptions to governmental immunity apply under the facts of this case.

intentional tort claims under certain circumstances. *Odom v Wayne Co*, 482 Mich 459, 479-480; 760 NW2d 217 (2008). When, like here, a plaintiff has pleaded an intentional tort, a governmental employee is entitled to immunity when he or she has shown the following:

> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial. [*Id*. at 480.]

With regard to the first factor, it is not disputed that both Bernia and Tremmel were acting within the course of their employment as school principals, as well as within the scope of their authority when they interacted with plaintiff at their respective schools, counseled her on her performance in the classroom, and provided feedback about her performance to Edustaff. In regard to the second factor, a government employee is not acting in good faith when the employee acts with malice or willful misconduct. *Id*. at 473-474. "[T]here is no immunity when the governmental employee acts *maliciously* or with a *wanton or reckless disregard of the rights of another*." *Id*. at 474. The good faith requirement "protects a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Id*. at 482. The record does not contain any evidence that either Bernia or Tremmel acted with malice or willful misconduct. Instead, it appears from plaintiff's own recitation of the facts that Bernia and Tremmel were simply performing their duties as principals and providing feedback about plaintiff's job performance to her and to Edustaff. With regard to the third element, both Bernia and Tremmel used their discretion as principals to make appropriate staffing decisions for their schools. Thus, it is clear from the record that both Bernia and Tremmel have qualified immunity from plaintiff's intentional tort claim.

Plaintiff also argues that defendant has violated her First Amendment right to free speech when she suffered retaliation after she made the statement at Carleton Middle School.[4] We disagree.

Although this Court reviews constitutional questions de novo, *In re Ayres*, 239 Mich App 8, 10; 608 NW2d 132 (1999), unpreserved issues are reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000).

In *Shirvell v Dep't of Attorney General*, 308 Mich App 702, 733-734; 866 NW2d 478 (2015), this Court articulated the following well-settled legal principles that are applicable in analyzing whether a public employee's[5] First Amendment rights were violated.

---

[4] While plaintiff raised this issue in her response to defendant's motion for summary disposition, the trial court did not address this issue in its ruling on defendant's motion for summary disposition.

Under the [*Pickering v Bd of Ed*, 391 US 563, 568; 88 S Ct 1731; 20 L Ed 2d 811 (1968)], framework, an employee is entitled to protection under the First Amendment if he or she spoke as a private citizen on a matter of public concern and where the state cannot show that its interest in the efficient provision of public services outweighs the employee's interest in commenting on the matter of public concern. *Pickering*, 391 US [at] 563. [*Shirvell*, 308 Mich App at 732-734 (additional citation omitted).]

Plaintiff admits that on November 13, 2015, she was working as a substitute teacher in a classroom of students at Carleton Middle School, when she stated to the class that "she was only having these problems from black students, especially at Carleton Middle School." Plaintiff claims that she experienced "retaliation" in the form of receiving fewer substitution assignments at schools within defendant district as well as other districts. Under the *Pickering* framework, plaintiff would be entitled to protection under the First Amendment if she spoke as a private citizen on a matter of public concern and where defendant cannot show that its interest in the efficient provision of public services outweighs plaintiff's interest in commenting on the matter of public concern. *Shirvell*, 308 Mich App at 733-734. First, plaintiff made her comments while working as substitute teacher in a class full of impressionable middle school students. Plaintiff was speaking directly to the class when she made the statements. Under these facts, plaintiff cannot show that she was speaking as a private citizen at the time she made the statement. Next, we are not persuaded that plaintiff's statement, one she claims was made in "frustration" with the behavior of "black students," was a matter of public concern. Plaintiff has in fact characterized her statement as "venting" about her interactions with students, which is undoubtedly a matter of personal concern. Finally, it is clear that defendant's interest in prohibiting teachers from making racial stereotypes in a classroom of students outweighs plaintiff's desire to express her frustration in class by making racially biased statements. On this record, we are not persuaded that plaintiff incurred any First Amendment violation.

Finally, plaintiff argues that the trial court was biased against her during the lower court proceedings. We disagree.

A party claiming judicial partiality bears a heavy burden of overcoming the presumption of judicial impartiality. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). To demonstrate judicial bias, a party must establish that the trial court was actually biased against the party. *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001). "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible . . . [.]" *Id.* (citation and quotation marks omitted.)

Our thorough review of the record does not yield any indication that the trial court was biased against plaintiff. Similarly, the record does not evince any suggestion that the trial court was partial to one side or the other, or inattentive to this case. On the contrary, the trial court

---

[5] In *Bd of Co Comm'rs v Wabaunsee Co, Kansas v Umbehr*, 518 US 668, 678-679; 116 S Ct 2342; 135 L Ed 2d 843 (1996), the United States Supreme Court recognized that the *Pickering* analysis applies to independent contractors.

was fully engaged in the lower court proceedings, actively addressed the arguments advanced by the parties, and was sensitive to the fact that plaintiff was representing herself in the matter. The trial court's conduct and remarks at the summary disposition hearing do not indicate any bias against plaintiff, instead, they demonstrate that the trial court was delving into the merits of the case in an effort to fully comprehend plaintiff's position. Finally, to the extent plaintiff points to the trial court's rulings against her to support her claim, adverse rulings are not evidence of bias. *Id*. at 597. Thus, plaintiff fails to establish that judicial disqualification was warranted.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle