# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE ROBINSON,

        Plaintiff-Appellant,

v

MT CLARK, INC., and FAST TRACK
VENTURES, LLC,

        Defendants-Appellees.

UNPUBLISHED
November 29, 2018

No. 339926
Oakland Circuit Court
LC No. 2016-153261-CE

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In this nuisance action, plaintiff Christine Robinson appeals as of right the trial court's orders granting summary disposition in favor of defendants Fast Track Ventures, LLC (FTV), and MT Clark, Inc. (MT Clark). We affirm.

Plaintiff filed the lawsuit on May 31, 2016, alleging nuisance due to the migration of methyl tert butyl ether (MTBE) to her property after it was released from leaking underground gasoline storage tanks at a nearby gas station into the ground aquifer on April 1, 2002, and February 28, 2003. FTV owned the subject gas station before it sold the property to MT Clark on October 4, 2005. Plaintiff claimed that it took several years for the MTBE to migrate from the leak site at the gas station through the subsurface aquifers to her well and property. Plaintiff moved into her house in 2008 and complained at that time that her well water "tasted bad" from the MTBE. Plaintiff continued to drink and use her well water for domestic purposes. Plaintiff received notices from the Michigan Department of Environmental Quality (MDEQ) on July 31, 2015, and the Oakland County Health Department on August 11, 2015, informing her that the MTBE level in her well water was .043 ppm, which exceeded the advisory level of .040 ppm. Plaintiff stated that she was advised by the health department to no longer drink her well water and by her doctor not to bathe in her well water. Because the level of MTBE exceeded the state "aesthetic" standard for MTBE, the state provided bottled water to plaintiff until the property was connected to municipal water at no cost to plaintiff in November 2016. Plaintiff pointed out that, even though she is connected to municipal water, MTBE still "lurks" under the surface of her real property. The trial court granted summary disposition in favor of both defendants pursuant to MCR 2.116(C)(7) and (C)(10), finding that the applicable three-year statute of limitations barred plaintiff's nuisance claim. Plaintiff now appeals as of right.

In a summary disposition motion brought pursuant to MCR 2.116(C)(7), the court must consider the affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact and construes them in the plaintiff's favor, unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). If no material facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, whether a claim is barred is a legal issue for the court. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). But if a fact issue exists that if proved provides a basis for recovery, summary disposition is not proper. *Id*.

"A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When reviewing a motion for summary disposition brought under subrule (C)(10), the court must examine all documentary evidence presented to it, and drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Dextrom*, 287 Mich App at 430. The court reviews the evidence but may not make findings of fact or weigh credibility in deciding a summary disposition motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). A trial court properly grants the motion when the evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Plaintiff's cause of action for nuisance against both FTV and MT Clark was caused by the chemical MTBE migrating to her property from a gas station owned at different times over the years by both FTV and MT Clark. "The essence of private nuisance is the protection of a property owner's or occupier's reasonable comfort in occupation of the land in question." *Adkins v Thomas Solvent Co*, 440 Mich 293, 303; 487 NW2d 715 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Id*. at 302.

> The elements of a private nuisance are satisfied if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. To prove a nuisance, significant harm to the plaintiff resulting from the defendant's unreasonable interference with the use or enjoyment of property must be proven. [*Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 431-432; 770 NW2d 105 (2009) (internal citation omitted).]

The parties do not dispute that a three-year statute of limitations applies for property damage claims arising out of nuisance. MCL 600.5805(2) states that, "[e]xcept as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury

for all actions to recover damages for the death of a person or for injury to a person or property." The parties disagree, however, on when the nuisance claim accrued. The three-year limitations period for property damage claims arising out of nuisance, MCL 600.5805(2), begins to run from "the time the claim accrues," which is "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Plaintiff argues that her claim did not accrue until July or August 2015, when she was informed that her well water was not potable and she lost all use of her well due to the level of MTBE present in her water. FTV and MT Clark argue that plaintiff's claim accrued in 2008 when she moved into her house and began ingesting her well water, which she admitted tasted badly due to the MTBE contamination already present in her well water.

Our Supreme Court recently discussed determining the accrual date in a similar nuisance claim in *Henry v Dow Chemical Co*, 501 Mich 965; 905 NW2d 601 (2018). Our Supreme Court stated, "the claimed harm to the plaintiffs in this case is the presence of dioxin in the soil of their properties. The period of limitations began to run from the date that this 'wrong' occurred. The circuit court must therefore determine the accrual date of the plaintiffs' claims based on the occurrence of the wrong—the presence of dioxin on the plaintiffs' properties." *Id.* Here, based on plaintiff's admission that she began ingesting the well water at her home in 2008, the trial court found that plaintiff "was exposed to MTBE for some time before it was actually confirmed in her well water. Plaintiff testified that her exposure to MTBE started as soon as she moved into the property in 2008." Under the holding of *Henry*, 501 Mich 965, the trial court correctly found that plaintiff first suffered harm from the MTBE present in her soil and well water in 2008, which triggered the running of the statute of limitations. *Id.* Because plaintiff did not file her nuisance claim until 2016, her claim is time-barred, MCL 600.5805(2).

Plaintiff also contends that FTV and MT Clark are estopped from claiming a statute of limitations defense because neither of them performed a Baseline Environmental Assessment (BEA) pursuant to MCL 324.20126(1)(c). MCL 324.20126(1)(c) is a section of the National Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, which allows certain purchasers in contaminations cases to avoid liability under particular circumstances.[1]

---

[1] MCL 324.20126(1)(c) provides:

(1) Notwithstanding any other provision or rule of law and except as provided in subsections (2), (3), (4), and (5) and section 20128, the following persons are liable under this part:

* * *

(c) An owner or operator of a facility who becomes an owner or operator on or after June 5, 1995, unless the owner or operator complies with either of the following:

(i) A baseline environmental assessment is conducted prior to or within 45 days after the earlier of the date of purchase, occupancy, or foreclosure, and the

Plaintiff fails to identify any authority that required FTV or MT Clark to do a BEA pursuant to MCL 324.20126(1)(c) in order to assert a statute of limitations defense.

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [*Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Without more, we deem this claim abandoned. *Id*.

In sum, we conclude that there is no genuine issue of material fact that the statute of limitations began to run when plaintiff first suffered harm from the MTBE contamination in 2008, which was well before the three-year limitations period; therefore, the trial court properly granted summary disposition in favor of defendants.

Affirmed.


/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey

---

owner or operator provides the baseline environmental assessment to the department and subsequent purchaser or transferee within 6 months after the earlier of the date of purchase, occupancy, or foreclosure. For purposes of this section, assessing property to conduct a baseline environmental assessment does not constitute occupancy.

  (ii) The owner or operator requests and receives from the department a determination that its failure to comply with the time frames in subparagraph (i) when conducting and submitting a baseline environmental assessment was inconsequential.