*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRIA HOME REHABILITATION, LLC,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
April 2, 2019

No. 341743
Wayne Circuit Court
LC No. 16-006015-NF

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Centria Home Rehabilitation, LLC, appeals as of right the trial court's order granting summary disposition in favor of defendant, Farmers Insurance Exchange, in this action to recover no-fault personal protection insurance (PIP) benefits from defendant for rehabilitation services provided by plaintiff to Donald Shell in connection with Shell's recovery from injuries allegedly sustained in a motor vehicle accident. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

According to plaintiff's amended complaint, in December 2013, Donald Shell sustained injuries in an automobile accident. Because Shell was not covered under an available no-fault policy, defendant was assigned his claim though the Michigan Assigned Claims Plan, thus entitling Shell to recover no-fault PIP benefits from defendant. Plaintiff, a company that provides products, services, and accommodations for an individual's care, recovery, and rehabilitation, filed this action against defendant in May 2016, alleging that it provided $83,020 worth of rehabilitative services to Shell in connection with his injuries from the motor vehicle accident. Plaintiff alleged that defendant refused to pay for all of its charges, and it sought recovery of the unpaid amount as well as statutory interest and reasonable attorney fees.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8), relying on our Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). Accordingly, defendant alleged that plaintiff failed to state a claim for which the court could grant relief because plaintiff did not have standing to pursue a direct claim for PIP benefits for services it provided to an injured person. In response, plaintiff filed a

motion to amend its complaint to allege a theory of recovery based on Shell's assignment to plaintiff of Shell's right to recover PIP benefits from defendant. The trial court granted plaintiff's motion to amend. Plaintiff's amended complaint sought recovery of PIP benefits for services provided to Shell based on an assignment from Shell, which was dated June 15, 2017. The amended complaint, filed on November 20, 2017, did not seek recovery for any services provided after the date of plaintiff's original complaint, which plaintiff filed on May 12, 2016.

The trial court revisited defendant's motion for summary disposition. It held that plaintiff's amended complaint was actually a supplemental pleading because it was based on an assignment that was obtained after the original complaint was filed. Therefore, it did not relate back to the date of the original complaint. The trial court further held that plaintiff's entitlement to benefits under the statutory one-year-back rule, MCL 500.3145(1), was governed by the date of the assignment. The court concluded that because all of the services for which plaintiff sought recovery were provided more than one year before the date of the assignment, plaintiff's claims were barred. Therefore, the trial court granted defendant's motion.

## II. ANALYSIS

This Court reviews a trial court's summary disposition decision de novo. *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the plaintiff's complaint by the pleadings alone. *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). All well-pleaded factual allegations are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the allegations. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). Summary disposition may be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could justify recovery. *Patterson*, 447 Mich at 432. Any questions of law are reviewed de novo. *In re Capuzzi Estate,* 470 Mich 399, 402; 684 NW2d 677 (2004).

In *Covenant*, 500 Mich at 195-196, our Supreme Court held that a healthcare provider does not have an independent action against a no-fault insurer for recovery of PIP benefits on behalf of an injured insured. The Court clarified, however, that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. The Supreme Court's decision in *Covenant* applies retroactively. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017); *VHS Huron Valley-Sinai Hosp v Sentinel Ins Co (On Remand)*, 322 Mich App 707, 713-714; 916 NW2d 218 (2018). Plaintiff argues that it is entitled to recover PIP benefits from defendant under the assignment theory recognized in *Covenant*.

Plaintiff obtained Shell's assignment on June 15, 2017, more than a year after plaintiff filed its original complaint on May 12, 2016. Plaintiff filed its amended complaint on November 20, 2017. Plaintiff argues that the trial court erred by treating the amended complaint as a supplemental pleading, and by not allowing the amended complaint, and the corresponding assignment, to relate back to the date of the original complaint, May 12, 2016, thereby resulting in plaintiff's assignment-based claims being barred under the one-year-back rule in MCL 500.3145(1). Due to the existence of binding precedent to the contrary, we disagree.

This Court considered a similar situation in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018).[1] In that case, this Court held that an amendment based on an assignment executed after the filing of the original complaint involved a supplemental pleading because the procurement of the assignment occurred after the filing of the complaint. *Id.* at 202-205. This Court explained that, under *Covenant*, the plaintiff did not have standing to maintain a direct action against the insurer at the time the complaint was filed. By obtaining an assignment after the complaint was filed, the plaintiff was seeking to file a supplemental pleading, not an amendment of its original complaint. As such, it could not relate back to the date of the filing of the original complaint. *Id.* at 204-205. Furthermore, under the one-year-back rule, MCL 500.3145(1), the plaintiff could not recover "for any portion of the loss incurred more than one year" before the date of the assignment. *Id.* at 205.

Pursuant to *Jawad A Shah, MD, PC*, plaintiff's amended complaint was actually a supplemental pleading that did not relate back to the date of the filing of the original complaint, and under the one-year-back rule plaintiff cannot recover for any services rendered more than a year before June 15, 2017, the date of the assignment. Because plaintiff's complaint only sought benefits for services rendered before May 2016 (the date the original complaint was filed), the complaint failed to state a claim for which relief could be granted. Accordingly, the trial court properly granted summary disposition under MCR 2.116(C)(8).[2]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly

---

[1] On October 24, 2018, the Supreme Court entered an order directing the Clerk to schedule oral argument on the appellant's application for leave to appeal in *Shah*, which will be heard at the same session as it hears oral argument on the application in *WA Foote Memorial Hosp*. *Shah*, 503 Mich 882; 918 NW2d 528 (Mem) (2018); *WA Foote*, 501 Mich 1079; 911 NW2d 470 (Mem) (2018). Unless and until the Supreme Court overturns these cases, we are bound by them. MCR 7.215(C)(2) and (J)(1).

[2] Plaintiff suggests that it was improper to grant summary disposition under MCR 2.116(C)(8), because a motion under that subrule is limited to the legal sufficiency of the complaint, and the trial court looked beyond the complaint by considering the assignment. However, the assignment was attached as an exhibit to the amended complaint and, as such, was considered "part of the pleading for all purposes." MCR 2.113(F)(2).