*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JB, Minor, by and through his guardian CAMILLA
BARNES,

        Plaintiff-Appellee,

v

DETROIT PUBLIC SCHOOL DISTRICT,

        Defendant,

and

TERRI SMITH,

        Defendant-Appellant

UNPUBLISHED
October 8, 2020

No. 348916
Wayne Circuit Court
LC No. 18-007404-CZ

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying her motion for summary disposition against plaintiff Camilla Barnes, the mother and guardian of JB, for severe injuries JB suffered while at school. Defendant, JB's teacher, argues that the trial court erred by denying her motion for summary disposition because there are no questions of fact and her actions were protected by governmental immunity. We disagree; there are disputes of material fact as to plaintiff's assault and battery claim and summary disposition would be premature as to plaintiff's negligence claim because discovery is incomplete as to that issue. Accordingly, we affirm.

## I. UNDERLYING FACTS

This case arises out of an incident at Henderson Academy in Detroit, Michigan, in October 2017. At an unspecified time during the school day on that date, defendant was teaching her first grade class and her students were working on a handwriting assignment. JB was being disruptive so defendant told him to leave her classroom and to go to the school's main office. After telling JB to leave her classroom, defendant and JB walked to the door connecting defendant's classroom

to the hallway – defendant normally kept this door closed. Defendant opened the door and, after it appeared to her that JB was through the doorway and walking toward the main office, she turned back to the classroom as she closed the door. Unknown to defendant, however, JB had attempted to reenter the classroom—another teacher, who was a witness, described the incident as JB "lunging" toward the door. While doing so, the tip of JB's left middle finger was caught between the door and the doorframe near the door's hinges. When the door closed, the tip of JB's left middle finger was completely severed.

Defendant heard JB yell after she closed the door so she opened it and saw JB bleeding. Defendant took JB to the school nurse and eventually plaintiff arrived at the school and took JB to the hospital. The doctors were unable to reattach the tip of JB's left middle finger and he remains accordingly disfigured to this day.

Plaintiff filed a complaint on behalf of JB in August 2018 alleging assault and battery and gross negligence. Defendant eventually moved for summary disposition on plaintiff's claims, but the trial court denied defendant's motion for summary disposition. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Defendant moved for summary disposition under MCR 2.116(C)(7) and (10). A trial court's summary disposition ruling is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008).

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence . . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citations omitted).]

Furthermore,

> [w]e must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. But when a relevant factual dispute does exist, summary disposition is not appropriate. [*Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (citations and quotation marks omitted).]

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012).

This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

The moving party has the initial burden to support its claim with documentary evidence but, once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Finally, "[i]ssues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning. When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011).

## B. ASSAULT AND BATTERY

Defendant argues that the trial court erred by denying her motion for summary disposition as to plaintiff's assault and battery claim. We disagree.

Under MCL 691.1407(3), governmental employees have the same immunity that they had under the common law as it existed before July 7, 1986. MCL 691.1407(3); *Odom v Wayne Co*, 482 Mich 459, 470; 760 NW2d 217 (2008). To determine whether "a lower-ranking governmental employee or official," such as a teacher, is entitled to governmental immunity for an intentional tort, the trial court must determine whether:

> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial. [*Id*. at 479-480.]

"[T]he burden . . . fall[s] on the governmental employee to raise and prove his entitlement to immunity as an affirmative defense." *Id*. at 479. Here, the only dispute is whether defendant acted in bad faith or with malice when she closed the door and severed the tip of JB's left middle finger.

Our Supreme Court "has described a lack of good faith as malicious intent, capricious action or corrupt conduct or willful and corrupt misconduct." *Odom*, 482 Mich at 474 (quotation marks and citations omitted). Furthermore, our Supreme Court has also stated that such "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Id*. at 475 (quotation marks and citation omitted).

Plaintiff alleged in her complaint that defendant intentionally closed the door on JB's finger, severing the tip of his left middle finger. Additionally, JB told plaintiff at the hospital the day he was injured that defendant intentionally closed the door on his finger because she was angry with him.[1] In contrast, defendant and another teacher who saw JB's injury happen testified in their depositions that defendant only began to close the door to her classroom after it appeared that JB was on his way to the office. Defendant turned her back to the hallway as she closed the door and did not see JB turn back to the classroom and grab the door as it closed, placing his hand in a position for the tip of his left middle finger to be severed.

---

[1] The evidence that defendant intentionally closed the door on plaintiff's finger is recounted in plaintiff's mother's affidavit submitted in opposition to the motion for summary disposition, relating statements which plaintiff made to her at the hospital. " 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). As such, plaintiff's statement to his mother is hearsay, although it potentially falls within one of the exceptions. See MRE 803, 804. As we have noted, a motion for summary disposition may only rely on *admissible* evidence. See *Maiden*, 461 Mich at 121 (Stating that a "court should evaluate a motion for summary disposition" by "considering the substantively admissible evidence actually proffered in opposition to the motion. A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules."). Defendant cites *Maiden* and concedes that only substantively admissible evidence may be considered for purposes of summary disposition, but nevertheless does not object to plaintiff's reliance on his statements to his mother, offered through her, and did not object to the trial court's reliance on those statements. As defendant does not object to those statements, we assume their admissibility for purposes of the present appeal. Should there be an objection to such statements at trial, the trial court will have to make an independent determination as to the statements' admissibility. Similarly, should there be a subsequent motion for summary disposition (which of course would have to be premised on something other than the issues decided here), and should the issue of admissibility of the statements be necessary for resolution of such a motion, the trial court also will have to make an independent determination as to the statements' admissibility under those circumstances. We express no opinion on those questions.

There are clearly disputes of material fact in this case. Because defendant moved for summary disposition, this Court must view the facts in the light most favorable to plaintiff. Properly reviewing the facts in the context of a motion for summary disposition, this Court must view the facts as JB told plaintiff at Henry Ford Hospital the day his finger was injured—i.e., that defendant intentionally closed the door on JB's finger because she was angry with him. If defendant intentionally closed the door on JB's finger then she did not act in good faith because such an action showed either an intent to harm or complete indifference to whether JB would be harmed by her actions. Thus, the trial court did not err by denying defendant's motion for summary disposition because, when viewing the evidence in the light most favorable to plaintiff, defendant was not entitled to governmental immunity as she did not act in good faith.

### C. PREMATURE MOTION FOR SUMMARY DISPOSITION

Plaintiff argues that summary disposition would have been premature in this case because discovery was not completed and defendant failed to respond to all of plaintiff's interrogatories. We agree.[2]

Summary disposition "is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Anzaldua v Neogen Corp*, 292 Mich App 626, 636; 808 NW2d 804 (2011) (for motions for summary disposition under MCR 2.116(C)(10)). See also *Patterson v Kleiman*, 199 Mich App 191, 193; 500 NW2d 761 (1993) (stating that the same principle applies for motions for summary disposition under MCR 2.116(C)(7)). Defendant already was deposed in this case, but because another teacher and her class were in the hallway when the incident occurred, there is a chance that other individuals witnessed the incident causing the tip of JB's left middle finger to be severed. Thus, there is a fair likelihood that further discovery could support plaintiff's position that defendant acted with gross negligence. Accordingly, a grant of summary disposition to defendant would have been premature on the record as it currently exists.

---

[2] Defendant argues that plaintiff cannot sustain her gross negligence claim. We do not reach that issue because, for the reasons addressed in this section, the trial court did not err by denying defendant's motion for summary disposition as discovery has not been completed. Given our disposition of this appeal, and once discovery has been completed, defendant is of course free to move for summary disposition on any basis other than the issue we rule upon here, governmental immunity regarding plaintiff's assault and battery claim. We express no opinion on the merits of any such possible motion.

## III. CONCLUSION

For the reasons stated in this opinion, we affirm. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle